```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

| | |
|---|---|
| BILLY JACK CRUTSINGER,           § | |
|     *Petitioner,*           § | |
|     § | |
| v.                               § | |
|     § | No. 4:07-CV-703-Y |
|     § | |
| NATHANIEL QUARTERMAN,            § | (death-penalty case) |
| Director, Texas Department       § | |
| of Criminal Justice,             § | |
| Correctional Institutions        § | |
| Division,                        § | |
|     RESPONDENT.           § | |

**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**

On October 30, 2008, Billy Jack Crutsinger ("Crutsinger" and "Petitioner") filed his *Motion #1 for Evidentiary Hearing on Ineffective Assistance of Trial Counsel*. (Doc. #30.) Respondent has filed an answer in which he opposes an evidentiary hearing. (Doc. #36.)  For the reason set out below, the Court denies the motion.

**STANDARD**

"In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. __, 127 S.Ct. 1933, 1937, 167 L.Ed.2d 836 (2007).  Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[w]hen there is a factual dispute, [that,] if resolved in the petitioner's favor, would entitle [him] to relief and the state has not afforded the petitioner a full and fair evidentiary hearing, a

federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing." *Goodwin v. Johnson*, 132 F.3d 162, 178 (5th Cir.1997).

In *Schriro*, the Supreme Court observed that while the basic rule has not changed, the standards for granting relief have.

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *See, e.g., Mayes v. Gibson*, 210 F.3d 1284, 1287 (C.A.10 2000). Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *See id.*, at 1287-1288 ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]").

*Schriro*, 127 S.Ct. at 1940 (footnote omitted).

Further, an evidentiary hearing is prohibited on any claim for which a petitioner failed to develop the factual basis in state court unless the claim relies upon previously unavailable law or facts, and no reasonable factfinder would have otherwise found the petitioner guilty of the underlying offense. *See* 28 U.S.C. § 2254(e)(2).  Under this provision, "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 429-430, 120 S.Ct. 1479, 1486-1487, 146 L.Ed.2d 435 (2000); *Morris v. Dretke*, 413 F.3d 484, 499 (2005).

2

"Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435.

> Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. "Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues [that] a prisoner made insufficient effort to pursue in state proceedings.

*Id.* at 437.

In order to comply with state law to obtain an evidentiary hearing in the Texas courts, a habeas petitioner must allege "specific, particularized facts which, if proven true, would entitle him to habeas relief." *See Ex parte Staley*, 160 S.W.3d 56, 63 (Tex.Crim.App. 2005).  Therefore, a habeas petitioner must do more than present a "mere request for an evidentiary hearing" to the state court, and instead must support it with the crucial

factual allegations now before the federal court. *See Dowthitt v. Johnson*, 230 F.3d 733, 746, 758 (5th Cir. 2000).

## ANALYSIS

In Crutsinger's motion, he contends that his trial counsel were constitutionally ineffective in failing to conduct an adequate investigation and presentation of Crutsinger's mental health in both the guilt/innocence and punishment phases of his trial, with an emphasis on the theory of involuntary alcohol addiction as not only a critical mitigation issue but also a *mens rea* issue to negate guilt. (Pet. at 31-54.) Respondent asserts that Crutsinger failed to diligently develop the factual basis of this claim in state court, but that, notwithstanding this failure, the record is sufficient for this Court to resolve the matter without the need of an evidentiary hearing. (Ans. at 9-13.) Although not specifically raised by Respondent as a defense to consideration of this claim, the claim presented to the state court is quite different than that presented here and it is, therefore, unexhausted.

In his federal habeas petition, Crutsinger asserts that his second claim for relief was continued in his fifteenth claim for relief in his state habeas petition. (Pet. at 31-32.) This state habeas claim did not refer to any deficiency specific to the investigation or presentation of Crutsinger's mental health and made no mention of the theory of involuntary alcohol addiction that is essential to Petitioner's second claim in the instant cause.

(Pet. at 39, 42-54.)  In fact, the portion of this claim that most specifically sets forth the deficient performance of trial counsel is stated as follows:

> Trial counsel failed to conduct any pretrial investigation, independent or otherwise into the facts of this case or to oppose by pretrial motion or objection to the charges made against the Applicant herein. Counsel made only the briefest attempts to communicate with the Applicant. Such contacts were insufficient for counsel to have adequately prepared for a contested trial or even a pretrial hearing. Trial counsel attempted to coerce the Applicant to plead guilty both prior to and during the Applicant's trial.

(SHR at 127-128.)

These general complaints were addressed in the affidavit subsequently presented by trial counsel in the state court proceedings. After detailing their credentials and appointment, trial counsel set forth in this affidavit their work interviewing Crutsinger, his family and witnesses, and traveling to locations considered significant. (SHR at 1418-1421.)  They also explained certain efforts in preparation for the punishment phase as follows:

> [W]e got two independent experts, a psychiatrist and a psychologist to interview Applicant, and review the facts of his case, and based on their reports, determined that it would not have benefited Applicant to have those persons offer testimony in Applicant's case, due to their opinions, and also because the State would have been allowed to offer evidence based on their expert's interview with Applicant. Applicant was consulted with and agreed with this decision.
>
> We also consulted with and interviewed Applicant's family background. We learned that Applicant had three deceased children and several broken relationships and marriages. We traveled to interview these persons, and sent our investigator to do the same. Those persons who would

5

> help Applicant testified, and those who were not favorable did not. We even had Applicant's mother arrested and brought to court to testify during the punishment phase of the trial, over her objection.

(SHR at 1420.) At the end of this affidavit, trial counsel also volunteered to supplement it if the state court desired (SHR at 1420), but no further supplementation appears in the state habeas record on file with this Court.

The specific way in which trial counsel is now alleged to have been deficient does not appear to have been an issue in the state habeas proceeding. While trial counsel's affidavit did set forth the mental health expert examinations, neither this affidavit nor Crutsinger's fifteenth state habeas claim to which it responded made any mention of Crutsinger's involuntary alcohol addiction, which is specific and crucial to his present complaints.

Crutsinger has identified no other places in the record where his specific claim of ineffective assistance was presented to the state court. Therefore, it appears that he failed to develop the factual basis of his present claim in state court, and this Court is foreclosed from conducting an evidentiary hearing on this claim. *See* 28 U.S.C. § 2254(e)(2).

Further, federal habeas relief may not be granted on any claim presented by a state prisoner, unless the habeas petitioner has first exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). To do this, such a petitioner "must have fairly presented the substance of his claim to the state courts".

6

*Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). This includes both the theory and evidence presented to advance a claim. "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (internal citation omitted). "[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement". *Vela v. Estelle*, 708 F.2d 954, 958 n. 5 (5th Cir.1983); *Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001).

Further, a "petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996). Dismissal for failure to exhaust is not required "when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts." *Morris v. Dretke*, 413 F.3d at 491 (5th Cir. 2006)(citing *Anderson*, 338 F.3d at 386-87)(emphasis in original). Whether the additional evidence presented in a federal proceeding merely supplements a claim or whether it fundamentally alters the claim such as to render it unexhausted is determined on a case-by-case basis. *See Morris*, 413

F.32d at 491. "[A]lthough a habeas petitioner will be allowed to present 'bits of evidence' to a federal court that were not presented to the state court," evidence that "places the claims in a significantly different legal posture must first be presented to the state courts." *Anderson*, 338 F.3d at 387.

Crutsinger has not fairly presented the substance of this claim to the state courts. He presented more general allegations of ineffective assistance, including a total failure to conduct any investigation, but he never mentioned a failure specific to the theory of involuntary alcohol addiction crucial to the claim presented here. Therefore, this Court is not permitted to grant federal habeas relief on Crutsinger's present claim of ineffective assistance of counsel because it is unexhausted under 28 U.S.C. §2254(b). Accordingly, an evidentiary hearing would be serve no useful purpose. Having reviewed the motion, pleadings, and state court records on file, the Court finds that the motion for evidentiary hearing should be denied.

*Petitioner's Motion #1 for Evidentiary Hearing on Ineffective Assistance of Trial Counsel* (doc. #30) is DENIED.

SIGNED August 17, 2009.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

TRM/rs