IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY JACK CRUTSINGER,           §
                                 §
          PETITIONER,            §
                                 §
v.                               §
                                 §        No. 4:07-CV-703-Y
RICK THALER, Director,           §
Texas Department of Criminal     §        (death-penalty case)
Justice, Correctional            §
Institutions Division,           §
                                 §
          RESPONDENT.            §

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

Before the Court is Billy Jack Crutsinger's motion to alter or amend the Court's judgment denying the relief requested in his application for writ of habeas corpus (doc. 52) ("motion"). Respondent opposes the motion. The Court assumes the parties' familiarity with its opinion in this case. *See Crutsinger v. Thaler*, 2012 WL 369927 (N.D. Tex. Feb. 6, 2012) ("opinion") (doc. 48).

I. Applicable Law

Crutsinger has moved, under Rule 59(e) of the Federal Rules of Civil Procedure, to alter the judgment and correct what he contends are manifest errors of law and fact. The decision whether to reopen a case under Rule 59(e) is within the district court's discretion. *See Johnson v. Diversicare Afton Oaks LLC*, 597 F.3d 673, 677 (5th Cir. 2010). It is an extraordinary remedy that

should be used sparingly. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

In particular, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks and citations omitted). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Id.* A motion to alter or amend may also be granted if necessary to prevent manifest injustice. *Amir-Sharif v. Comm'rs of Dallas*, No. 3:07-CV-0175-G, 2007 WL 1308314, at *1 (N.D. Tex. May 4, 2007) (Fish, C.J.) (citing *Fresh America Corp. v. Wal-Mart Stores, Inc.*, No. 3:03-CV-1299-M, 2005 WL 1253775, at *1 (N.D. Tex. May 25, 2005) (Lynn, J.)).

## II.   Ground Two

Crutsinger first asserts that the Court improperly recast his claim in Ground Two from one alleging an inadequate investigation by counsel into a much weaker allegation challenging counsels' decision not to present the testimony of Dr. Mills and Dr.

Goodness.[1]   *Motion*, p. 2.   Bypassing the allegations in his petition that trial counsel overlooked helpful information in Dr. Goodness's report and contemporary scientific literature due to the compressed timing of the investigation, Crutsinger now asserts that counsels's deficiency was not an untimely investigation, but a failure to *further* investigate Crutsinger's early psycho-social history and brain impairment.   This failure-to-further-investigate argument is based on four "red flags" in Dr. Goodness's report, which he identifies as such for the first time in his motion. *Motion*, p. 4-5.   He also claims, again for the first time, that "the gravamen of [his] complaint is that counsel failed to take the next step and obtain a qualified neuropsychologist." *Motion*, p. 7 n.6.

The Court's opinion addressed Crutsinger's claim that counsel failed to use the "abundance of available evidence" in Dr. Goodness's report. *Petition*, pp. 39-42, 43, 45-46; *Opinion*, pp. 10-13, 21, 24-25.   The opinion discussed the reasonableness of counsels's strategy given the theories provided in the scientific articles attached to Crutsinger's petition.   *Petition*, pp. 44-48; *Opinion*, pp. 13-14, 25-26.   The Court also addressed Crutsinger's core allegation that the mitigation investigation was conducted too

---

[1]The assertion as to Dr. Mills is frivolous.   The Court did not discuss Dr. Mills' opinion at all, as Crutsinger alleged that Mills did not prepare a report in the case and could not be reached by telephone. *See Petition*, p. 35 n.11.

late to reasonably inform counsels' decisions. *Petition*, pp. 34-40; *Opinion*, pp. 16-17 n.9.   The Court addressed the issues briefed.

Crutsinger does not cite to any page in Ground Two where he alleged, as he does now, that Dr. Goodness's report "put counsel on notice that additional investigation was required" into his early psycho-social history or through the services of a neuro-psychologist. *Motion*, p. 4, 7 n.6.[2] Instead, Crutsinger relies on a summary statement made in his concluding paragraph, which simply paraphrases the holding in *Wiggins v. Smith*, 539 U.S. 510 (2003), that the principal concern is "not whether counsel should have presented a mitigation case," but whether the investigation supporting counsel's decision was itself reasonable. *Motion*, p. 4. Consistent with the previous briefing, this concluding paragraph challenges the *timing* of the investigation and does not identify any evidence (other than the scientific articles) that was outside trial counsels' knowledge. *Petition*, p. 54.   Nevertheless, to the extent the concluding paragraph alleged a general failure to recognize or develop mental-health issues and pursue expert assistance, the Court addressed it. *See Opinion*, pp. 15, 27-28.

---

[2]Indeed, Dr. Goodness, who conducted 14 hours of clinical interviews and administered 19 different psychological instruments including a neuropsychological battery, cautioned *against* further testing. *Ex. C to Petition*, p. 10.

Even if Crutsinger had briefed his current argument, it has no more purchase than the claims actually raised. The critical issue is not the timing of the mitigation investigation or whether a neuropsychologist was consulted, but whether the mitigation investigation itself was sufficient. *See Wiggins*, 539 U.S. at 523. As to this issue, the Court concluded that the mitigation investigation reasonably supported counsels' decision not to pursue the mental-health issues Crutsinger claims counsel should have pursued. *Opinion*, p. 19 ("Counsels' investigation in this case was not deficient, but was guided by sufficient information upon which a reasonable strategic decision could be made."), p. 28 ("If anything, the *Walbey* opinion demonstrates by contrast that counsels' decision in this case was based on a reasonable investigation"). The Court even assumed, for purposes of his complaint regarding the punishment phase, that Crutsinger possessed the level of brain impairment discussed in the scientific articles he provided. *Opinion*, p. 25. In doing so, it gave Crutsinger the benefit of the doubt regarding what a neurospychologist would have found.

In short, a motion under Rule 59(e) is not the proper vehicle to rehash the losing argument or raise claims that could have been raised before entry of the Court's judgment. *See Templet*, 367 F.3d at 479. And Crutsinger's efforts to redefine trial counsels' alleged deficiency of "timing" into a failure to pursue additional

investigation, does not affect the soundness of Court's conclusion that the mitigation investigation was itself reasonable.

### III.  Procedural Bar

Crutsinger next contends that, because the State waived a procedural-bar defense as to Ground Two, the basis for denying his funding motions no longer exists.  He asserts that the Court is now required to grant funding to allow him to investigate, develop, and present facts to prove prejudice before the Court performs a *de novo* review.  *Motion*, p. 12.  Crutsinger does not explain how further factual development as to "prejudice" would alter the outcome of Ground Two, as the Court has already concluded that trial counsels' investigation was objectively reasonable.  In any event, the argument is not well-taken.

Ground Two is unexhausted.  "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."  28 U.S.C. § 2254(b)(3).  *See also Woodfox v. Cain*, 609 F.3d 774, 792-793 (5th Cir. 2010).  Crutsinger does not contend that the State expressly waived the exhaustion requirement, and he provides no authority for the proposition that the State's waiver of a procedural bar *ipso facto* waives the exhaustion requirement in § 2254(b).

Crutsinger also asserts that he is entitled to funding in light of the Supreme Court's recent opinion in *Martinez v. Ryan*,

No. 10-1001, 2012 WL 912950 (Mar. 20, 2012).   The opinion in *Martinez* holds:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral [proceeding], there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, at *11.

Thus, under *Martinez,* state habeas counsel's ineffective assistance may overcome procedural default for purposes of federal habeas review.   Nevertheless, *Martinez* also holds that, "to overcome the default, the prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at *8.   This Court concluded that Ground Two lacks merit because trial counsels' investigation was adequate and because Crutsinger could not show prejudice. Therefore, *Martinez* would not excuse the procedural default in this case.

Because Ground Two is unexhausted as well as meritless, evidentiary development would be inappropriate. *See* 28 U.S.C. § 2254(e)(2); *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009). Furthermore, under 28 U.S.C. § 2254(b)(2), a district court may, and this Court did, deny a claim on the merits notwithstanding the

failure to exhaust.   Accordingly, the Court denies Crutsinger's request to reconsider his application for funds.

The Court DENIES Crutsinger's motion to alter or amend the judgment.

SIGNED April 13, 2012.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ks:be