CAUSE NO. 8794

THE STATE OF TEXAS
VS.
GABRIEL FLORES

IN THE 259TH DISTRICT
COURT OF
JONES COUNTY, TEXAS

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

Judge Presiding: **QUAY F. PARKER**          Date of Judgment: **AUGUST 29, 2001**

Attorney
for State: **BRITT THURMAN**

Attorney for
Defendant: **ROBERT E. MCCOOL**

Offense Convicted of:          **COUNT ONE - MURDER**
**Section 19.02(b)(1) et seq. Texas Penal Code**

Degree: **1ST degree**

Date Offense
Committed: **SEPTEMBER 16, 2000**

Charging Instrument: **INDICTMENT**          Plea: **NOT GUILTY**

Jury Verdict: **GUITY AS CHARGED IN THE INDICTMENT**

Plea to Enhancement Paragraph: **NONE**
Finding on Enhancement Paragraghs: **NONE**

Findings on Use of Deadly Weapon: **NONE**

Punishment Assessed by : **JURY**

Date Sentence Imposed: **AUGUST 29, 2001**          Costs: $ - 0 -
                                                     Fine:  $ - 0 -

Punishment and Place of Confinement: **FORTY (40) years TDCJ-ID**

Date to Commence: **AUGUST 29, 2001**

Total Amount of Restitution/Reparation:     **$ 15,000.00**

Time Credited:  **09/16/00 - 08/29/01**

**THIS SENTENCE IS TO BE SERVED CONCURRENTLY UNLESS OTHERWISE SPECIFIED.**

| | |
|---|---|
| FEE DOC  ☐ | |
| INDEX  ☐ | |
| COMP  ☐ | |
| MIN  ☑ | |
| STATE  ☐☐ | |
| NOTE BOOK ☐ | |
| CM  _Ad, DA TDC_ | |

**FILED**

AT _10_ O'CLOCK _A_ M.
_18_ DAY OF _Sept_  _2001_

_Nona Carter_
DISTRICT CLERK JONES CO. TEXAS

By _____ Deputy

335



True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

**196**

Restitution to be paid as condition of Parole:
Name:         **JONES COUNTY DISTRICT CLERK**
Address:      **P. O. BOX 308**
City,State:   **ANSON,TEXAS79501**
Total Amt:    **$ 15,000.00**

_____

On the **27TH** day of **AUGUST, 2001**, the above referenced cause was called for trial. The parties appeared as follows:  the State appeared by its District Attorney, and the Defendant, **GABRIEL FLORES**, appeared in person with his attorney of record, **ROBERT E. MCCOOL**. Both parties announced ready for trial, and the Defendant having exercised his right to a jury trial entered his plea of not guilty to the offense of **COUNT ONE - MURDER** committed on **SEPTEMBER 16, 2000**.

After the indictment was read and evidence for the State and the Defendant was submitted and concluded, and argument of counsel for the State and Defendant was heard and concluded, and the Court charged the jury as to law applicable to said cause, and argument of counsel for the State and Defendant was heard and concluded and the jury returned the following verdict:

*We, the Jury, find the defendant, GABRIEL FLORES, guilty of the offense of Murder, as charged in the indictment.*

/s/ Bea Moore
*Presiding Juror*

Thereupon, the said Defendant having previously requested that the **JURY** assess the proper punishment, and upon hearing all the evidence submitted by and on behalf of the State and the Defendant, the **JURY** returned the following verdict:

*We, the Jury, having found the Defendant, GABRIEL FLORES, guilty of Murder, as charged in the indictment, assess his punishment at  40  years confinement in the Texas Department of Criminal Justice, Institutional Division, and in our discretion, assess a further punishment of a fine of $ 0 .*

/s/ Bea Moore
*Presiding Juror*

**IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED, AND DECREED** by the Court that said Defendant, **GABRIEL FLORES**, is guilty of the offense of **COUNT ONE - MURDER**, committed on **SEPTEMBER 16, 2000**, as charged in the indictment, and that he be punished by confinement in the Texas Department of Criminal Justice-Institutional Division for

True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

336

a term of **FORTY (40) years**, and in addition thereto a fine of $ - 0 - is imposed and that such punishment be carried into execution in the manner prescribed by law.

Thereupon the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him as follows:

**IT IS THE ORDER OF THE COURT** that said Defendant **GABRIEL FLORES** who has been adjudged to be **GUILTY** of **COUNT ONE - MURDER** and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for **FORTY (40) YEARS**, be remanded to the Director of the Texas Department of Criminal Justice-Institutional Division or other persons legally authorized to receive such convicts and said Defendant shall be confined in said Texas Department of Criminal Justice-Institutional Division for **FORTY (40) YEARS** in accordance with the provisions of the law governing the Texas Department of Criminal Justice-Institutional Division, and the Defendant is remanded to the custody of the Texas Department of Criminal Justice-Institutional Division until the directions of this sentence can be obeyed.

Court Costs: $ - 0 -; Court-Appointed Attorney's Fee: **$15,000.00**; Fine: $ - 0 -

THE CLERK OF THE COURT IS ORDERED TO send a copy of this order to the Defense Attorney:

> **MR. ROBERT E. MCCOOL**
> **Attorney at Law**
> **237 Marker Street**
> **Baird, Texas  79504**

send a copy of this order to the District Attorney, Britt Thurman, P. O. Box 507, Anson, Texas, 79501.

PRESIDING JUDGE

Notice of Appeal: _____

DATE SIGNED  September 18, 2001

JUDG6.22
attachment:

True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

337

Prints taken from the defendant in Cause No. _____8744_____ on this
_____29_____ day of _____Aug_____, _____2001_____.

This document is attached to and part of the Judgment/Sentence in said cause number in the 259th District Court of JONES County, Texas.

_____
Defendant's Signature

_____
Officer taking print



CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF JONES

The document to which this certificate is affixed, containing _____4_____
pages, is a full, true and correct copy of the original on file and of record in my office.

ATTEST: _Sept 15_ 20_0_

NONA CARTER, District Clerk
Jones County, Texas

BY _____ DEPUTY

338

CAUSE NO. 8615

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 259TH DISTRICT |
| VS. | COURT OF |
| LISA THOMAS JERNIGAN | JONES COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL

Judge Presiding: **QUAY F. PARKER**     Date of Judgment: **DECEMBER 19, 2000**

Attorney
for State: **GARY M. BROWN**

Attorney for
Defendant: **JOHN S. YOUNG**

Offense Convicted of:     **TAMPERING WITH PHYSICAL EVIDENCE**
Section 37.09 et seq. Texas Penal Code

Degree: **3RD DEGREE**

Date Offense
Committed: **AUGUST 20, 1999**

Charging
Instrument: **INFORMATION**          Plea: **GUILTY**

Terms of Plea
Bargain (In Detail) : **EIGHT (8) yrs. TDCJ-ID; $247.25 to be laid out at $50/day; credit for time served**

Plea to Enhancement
Paragraph(s)   :**NONE**

Findings on
Enhancement: **NONE**

Findings on Use
of Deadly Weapon   : **NONE**

Date Sentence
Imposed   : **DECEMBER 19, 2000**          Costs: **$247.25**

Punishment and
Place of confinement: **EIGHT (8) YEARS TDCJ-ID**

Date to
Commence: **DECEMBER 19, 2000**

Time Credited:   **08/28/99 - 12/19/00 inclusive**

Restitution to be paid to:   Name:   **Jones County District Clerk**
Address:   **P. O. Box 308**
City,St:   **Anson, Texas 79501**
total amt: **$247.25**

FILED
AT _____ O'CLOCK _____ M.
____ DAY OF _____ 00

*Nana Carter*
DISTRICT CLERK, JONES CO. TEXAS
By _____ Deputy

FEE DOG ☐
INDEX ☐
COMP ☑
SSN ☐
STATE ☐☐
NOTE BOOK ☐
CM ☐

True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

3 3 9

THIS SENTENCE IS TO BE SERVED CONCURRENTLY UNLESS OTHERWISE SPECIFIED.

This day the above entitled and numbered cause having been called for trial, the State appeared by her District Attorney GARY M. BROWN, and the Defendant, LISA THOMAS JERNIGAN, appeared both in person and by her counsel JOHN S. YOUNG; and the Defendant having elected to waive a jury herein and submit all matters of both law and fact to the Court, in person, in writing, in open court duly represented by counsel and upon entering her plea of GUILTY, requested that a trial by jury be waived and this case tried by and before the court; and the said attorney representing the state, having properly filed in the papers hereof prior to the entry of the Defendant's plea of GUILTY herein, his consent and approval in writing and written agreement, duly signed, whereby the State agreed that the Defendant be permitted to so waive a jury herein and submit all matters to the Court, and the Court having likewise, also, given its consent and approval thereto in writing signed and filed herein, and here now entered in the minutes, a jury was in all things duly waived and this cause tried before the Court.

The State and Defense in open court having announced ready for trial, the Defendant, in open court, and in person, properly represented by counsel, pled GUILTY to the charge contained in the information filed herein; the Defendant having waived in writing the ten day preparation for trial thereupon the Court admonished the Defendant of the consequences of said plea of GUILTY but the Defendant persisted in pleading GUILTY and the Defendant plainly appearing to the Court to be sane, and uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting the Defendant to confess her guilt, the said plea of GUILTY is by the Court received and here now entered of record upon the minutes of the court as the plea of Defendant herein; and the Defendant having waived the reading of the information in open court, the State proceeded to introduce evidence into the record of this cause showing the guilt of the Defendant; and the said evidence being accepted by the Court as a basis for its judgment, and the Court considering the same sufficient to support the Defendant's plea of GUILTY of the charge as alleged in the information to which the Defendant entered such plea, the Court finds the Defendant to be GUILTY of the charge as alleged in the information filed herein, to which the Defendant entered her plea of GUILTY and finds the Defendant to be GUILTY of the offense of TAMPERING WITH PHYSICAL EVIDENCE, that the said Defendant committed said offense on AUGUST 20, 1999.

IT IS THEREFORE CONSIDERED, ORDERED and ADJUDGED by the Court that the Defendant LISA THOMAS JERNIGAN is GUILTY of the offense of TAMPERING WITH PHYSICAL EVIDENCE, as confessed by the Defendant in the Defendant's plea of GUILTY herein made to the Court, and that the said Defendant be punished by confinement in the Texas Department of Criminal Justice-Institutional Division for a term of EIGHT (8) YEARS and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended for which execution may issue.

Thereupon the said Defendant was asked by the Court whether she had anything to say why said sentence should not be pronounced against her, and she answered nothing in bar thereof,



True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

and it appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of said Defendant, her counsel also being present, to pronounce sentence against her as follows:

IT IS THE **ORDER OF THE COURT** that said Defendant **LISA THOMAS JERNIGAN** who has been adjudged to be **GUILTY** of **TAMPERING WITH PHYSICAL EVIDENCE,** and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for **EIGHT (8) YEARS,** be remanded to the Director of the Texas Department of Criminal Justice-Institutional Division or other persons legally authorized to receive such convicts and said Defendant shall be confined in said Texas Department of Criminal Justice-Institutional Division for **EIGHT (8) YEARS** in accordance with the provisions of the law governing the Texas Department of Criminal Justice-Institutional Division, and the Defendant is remanded to the custody of the Texas Department of Criminal Justice-Institutional Division until the directions of this sentence can be obeyed.

THE CLERK OF THE COURT IS **ORDERED TO** (1) send a copy of this order to the defense attorney:

> **Mr. John S. Young**
> **Attorney at Law**
> **P.O. Box 868**
> **Sweetwater, Texas  79556**

(2) send a copy of this order to the District Attorney, Gary M. Brown,  P. O. Box 507, Anson, Texas 79501.

**PRESIDING JUDGE**

Notice of Appeal: _____

12/28/2001
**DATE SIGNED**

**JUDG6.22**
**attachment:**

True & Correct
Copy of Original
Filed in the Jones
County District Clerk's Office

PRINT SHEET

Prints taken from the defendant in Cause No. _____ 8615 _____ on this _____ 19 _____ day of _____ Dec _____, 2000.

This document is attached to and part of the Judgment/Sentence in said cause number in the 259th District Court of JONES County, Texas.

_____ Lisa Jernigan _____
**Defendant's Signature**

_____ Darrell Nott _____
**Officer taking print**

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF JONES

The document to which this certificate is affixed, containing _____ 4 _____ pages, is a full, true and correct copy of the original on file and of record in my office.

ATTEST: _____ Sept 15 _____ 20 _____ 04 _____

RHONA CARTER, District Clerk
Jones County, Texas

BY _____ DEPUTY

342

343

342

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS   76117

**(817)831-8383**                    **FAX (817)831-8306**

September 8, 2004

Calvin Albrecht, District Clerk
201 N. LaGrange Street
PO Box 306
Hallettsville, Texas   77964

Dear Mr. Albrecht,

  Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

  What I would like to know at this point is what, if anything, has happened in each of those cases.  I do not know the names of the persons who were charged because I did not ask for that information previously.

  Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

  Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

  If you have any questions, feel free to call.

       Sincerely,

       William H. Ray
       Attorney at Law

344

NO. 0885306D

| THE STATE OF TEXAS | )( | IN THE 213TH |
| | )( | |
| VS. | )( | DISTRICT COURT OF |
| | )( | |
| BILLY JACK CRUTSINGER | )( | TARRANT COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared ____Denise Bujnoch____,

who, being by me duly sworn, deposed as follows:

"My name is ____Denise Bujnoch____, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of __Lavaca__ County,

Texas. Attached hereto are _1_ pages of information obtained from records from the District

Clerk's Office of __Lavaca__ County, Texas. This information is kept by the District Clerk's

Office of __Lavaca__ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of __Lavaca__ County, Texas for an

employee or representative of the District Clerk's Office of __Lavaca__ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _22_ day of _July_, 2003.

EVELYN M. DOBIAK
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 08-31-2004

_____ NOTARY PUBLIC, STATE OF TEXAS

345

NAME OF COUNTY  *Lavaca*

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | 1 |
| 2002 | 0 |
| 2001 | 0 |
| 2000 | 0 |
| 1999 | 0 |

CALVIN J. ALBRECHT
DISTRICT CLERK, LAVACA COUNTY
P.O. BOX 306
HALLETTSVILLE, TEXAS 77964

346

NO. 03-04-8615A-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | 5 - H    A.D., 2004 | IN THE DISTRICT COURT OF |
| VS | at 1.15 O'clock P.M. | LAVACA COUNTY, TEXAS |
| BRYAN ANDREW VOAN | Calvin J. Albrecht Clerk<br>DISTRICT COURT LAVACA COUNTY, TX<br>Emily M. Clark | 25TH JUDICIAL DISTRICT |

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE
### WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| JUDGE PRESIDING: | HON. DWIGHT E. PESCHEL | DATE OF JUDGMENT: | APRIL 6, 2004 |
| ATTORNEY FOR STATE: | RICHARD R. HICKS III | ATTORNEY FOR DEFENDANT: | ALLEN WILLIAMS |
| OFFENSE CONVICTED OF: | CAPITAL MURDER | OFFENSE CODE: | 19.03 - TEXAS PENAL CODE |
| DEGREE: | CAPITAL | DATE OFFENSE COMMITTED: | MARCH 29, 2003 |
| CHARGING INSTRUMENT | INDICTMENT | PLEA: | GUILTY |
| TERM OF PLEA BARGAIN (IN DETAIL): | CONFINEMENT FOR LIFE IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE | | |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | NA | FINDINGS ON ENHANCEMENT: | NA |
| FINDINGS ON USE OF DEADLY WEAPON: | NA | | |
| DATE SENTENCE IMPOSED: | APRIL 6, 2004 | TIME CREDITED: 358 Days<br>COSTS: $248.00 | |
| PUNISHMENT IMPOSED AND PLACE OF CONFINEMENT: | CONFINEMENT FOR LIFE IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE | | |
| DATE TO COMMENCE: | APRIL 6, 2004 | | |
| TOTAL AMOUNT OF RESTITUTION/REPARATION | | | |

CONCURRENT UNLESS OTHERWISE SPECIFIED: THIS SENTENCE IMPOSED SHALL BEGIN WHEN THE JUDGMENT AND SENTENCE IN CAUSE# 03-04-8615-CR IN THE 25TH JUDICIAL DISTRICT OF LAVACA COUNTY, TEXAS IMPOSED ON APRIL 6, 2004 HAVE CEASED TO OPERATE.

The Defendant having been indicted in the above entitled and numbered cause for the felony offense shown above and this cause being this day called for trial, the above appeared in person and by counsel as named above, and both parties announced ready for trial. The Defendant, in person, in writing and in open court, waived his right to trial by jury, pleaded as indicted above to the charged contained in the indictment. Thereupon, the range of punishment for the offense was explained to the Defendant, and the Defendant was admonished by the Court of the consequences of the said plea; and it plainly appearing to the Court that the Defendant was mentally competent and sane and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting his plea, and that the plea is free and voluntary, the said plea was accepted by the Court and is here entered of record upon the minutes. The Court, having heard the evidence submitted, and the argument of the counsel thereon, found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above.

It is THEREFORE CONSIDERED, ORDERED, and ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed the said offense on the date indicated above, and that he be

347

punished by confinement in the Instit... al Division of the Texas Department of Cri... ustice for the period indicated above, and that the State of Texas do have an... of the Defendant all costs of the prose...

THEREUPON, on the date of sentence indicated above, the Defendant was asked by the Court whether Defendant had anything to say why sentence should not be pronounced against Defendant and Defendant answered nothing in bar thereof, whereupon the Court proceeded in the presence of the said Defendant and Defendant's attorney to pronounce sentence against Defendant as follows:

It is ORDERED, ADJUDGED and DECREED by the Court that the Defendant, who has been adjudged to be guilty of the offense indicated above, a felony, is hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above and be fined the amount indicated above that Defendant be delivered by the Sheriff of the above named County and State, to the Director of Institutional Division of the Texas Department of Criminal Justice of the State of Texas, and said Defendant shall be confined in the said Institutional Division of the Texas Department of Criminal Justice for the period indicated above in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

The Court also made the findings as indicated above concerning the allegations of prior felony convictions against Defendant to which Defendant has pleaded as indicated above.

The Court also made the affirmative findings as indicated above concerning the use or exhibition of a deadly weapon during the commission of the offense indicated above or during the immediate flight therefrom and whether the deadly weapon was a firearm.

It is further ORDERED, ADJUDGED, and DECREED that the said Defendant be credited on this sentence with the number of days as indicated above, on account of his confinement in jail since his arrest and prior to pronouncement of this sentence.

It is further ORDERED, ADJUDGED and DECREED, that as a condition of any parole that Defendant pay restitution and reparation to the victim (s) of Defendant's crime as indicated above and a fine as indicated above.

It is further ORDERED, ADJUDGED and DECREED, that the punishment under the sentence herein imposed shall begin when the Judgment and Sentence in the above indicated cause against the Defendant shall have ceased to operate.

And, the said Defendant is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

Pursuant to Article 38.33, V.A.C.C.P., the Court further ordered that the Clerk take a thumbprint of the defendant's right thumb, if defendant does not have a right thumb the Clerk shall take a thumbprint of the left thumb and if the defendant has no thumbs, the Clerk shall take a fingerprint of the defendant's index finger. Said thumbprint or fingerprint is contained on Exhibit "A" attached hereto and made a part hereof.

JUDGE PRESIDING

DATE

NOTICE OF APPEAL:_____

CALVIN J. ALBRECHT, District Clerk, Lavaca County
...as, do hereby certify that this is a true and correct
...by as same appears of record in my office. 9-13-04
...tness my hand and seal of office on _____

CALVIN J. ALBRECHT, DISTRICT CLERK

By _____
Deputy

348

R-12  A.D. 2004

No. CR-03-04-8615-CR

DISTRICT COURT LAVACA COUNTY TX

THE STATE OF TEXAS

VS.

BRYAN ANDREW VOAN

IN THE DISTRICT COURT OF

LAVACA COUNTY, TEXAS

25TH JUDICIAL DISTRICT

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE
## WAIVER OF JURY TRIAL

JUDGE PRESIDING:   DWIGHT E. PESCHEL          DATE OF JUDGMENT:      APRIL 6, 2004

ATTORNEY
FOR STATE:      RICHARD R. HICKS III

ATTORNEY
FOR DEFENDANT:   ALLEN WILLIAMS

OFFENSE
CONVICTED OF:   CAPITAL MURDER

PENAL CODE: 19.03

DEGREE:   CAPITAL

DATE OFFENSE
COMMITTED:      MARCH 29, 2003

CHARGING
INSTRUMENT:   INDICTMENT

PLEA:
GUILTY

TERM OF PLEA
BARGAIN (IN DETAIL):

CONFINEMENT FOR LIFE IN THE INSTITUTIONAL DIVISION
OF THE TEXAS DEPT. OF CRIMINAL JUSTICE

PLEA TO ENHANCEMENT
PARAGRAPH (S)   :      N/A

FINDINGS ON
ENHANCEMENT:      N/A

FINDINGS ON USE
OF DEADLY WEAPON  :     NONE

DATE SENTENCE
IMPOSED      :      APRIL 6, 2004

TIME CREDITED:  358 days
COSTS:  248.00

PUNISHMENT AND
PLACE OF CONFINEMENT:   CONFINEMENT FOR LIFE IN THE INSTITUTIONAL DIVISION
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

DATE TO COMMENCE:   APRIL 6, 2004
TOTAL AMOUNT OF
RESTITUTION/REPARATION:

CONCURRENT UNLESS OTHERWISE SPECIFIED:   **THE COURT FURTHER ORDERS THAT THE
SENTENCE IMPOSED IN THIS CASE AGAINST THE DEFENDANT SHALL BEGIN WHEN THE
JUDGMENT AND SENTENCE IN CAUSE NO. 03-04-8615A-CR IN THE 25TH JUDICIAL DISTRICT
COURT OF LAVACA COUNTY, TEXAS, SENTENCED TO LIFE IMPRISONMENT ON APRIL 6, 2004,
FOR THE OFFENSE OF CAPITAL MURDER HAS CEASED TO OPERATE.**

The Defendant having been indicted in the above entitled and numbered cause for the felony offense shown
above and this cause being this day called for trial, the above appeared in person and by counsel as named above,
and both parties announced ready for trial. The Defendant, in person, in writing and in open court, waived his right
to trial by jury, pleaded as indicted above to the charged contained in the indictment. Thereupon, the range of
punishment for the offense was explained to the Defendant, and the Defendant was admonished by the Court of the
consequences of the said plea; and it plainly appearing to the Court that the Defendant was mentally competent and
sane and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion
or delusive hope of pardon prompting his plea, and that the plea is free and voluntary, the said plea was accepted by
the Court and is here entered of record upon the minutes. The Court, having heard the evidence submitted, and the
argument of counsel thereon, found the Defendant guilty of the offense indicated above, a felony, and assessed

LVIN J. ALBRECHT District Clerk
do hereby certify that this is a true and correct
is same appears of record in my office.
ss my hand and seal of office on   9-13-04



CALVIN J. ALBRECHT, DISTRICT CLERK

By Denise Buford
Deputy

349

the punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above.

It is THEREFORE CONSIDERED, ORDERED, and ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed that offense on the date indicated above, and that he be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

THEREUPON, on the date of sentence indicated above, the Defendant was asked by the Court whether Defendant had anything to say why sentence should not be pronounced against Defendant and Defendant answered nothing in bar thereof, whereupon the Court proceeded in the presence of the said Defendant and Defendant's attorney to pronounce sentence against Defendant as follows:

It is ORDERED, ADJUDGED and DECREED by the Court that the Defendant, who has been adjudged to be guilty of the offense indicated above, a felony, is hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above and be fined the sum indicated above that Defendant be delivered by the Sheriff of the above named County and State, or the authorized agent of the State of Texas, to the Director of Institutional Division of the Texas Department of Criminal Justice of the State of Texas, and said Defendant shall be confined in the said Institutional Division of the Texas Department of Criminal Justice for the period indicated above in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

The Court also made the findings as indicated above concerning the allegations of prior felony convictions against Defendant to which Defendant has pleaded as indicated above.

The Court also made the affirmative findings as indicated above concerning the use or exhibition of a deadly weapon during the commission of the offense indicated above or during the immediate flight therefrom and whether the deadly weapon was a firearm.

It is further ORDERED, ADJUDGED, and DECREED that the said Defendant be credited on this sentence with the number of days as indicated above, on account of his confinement in jail since his arrest and prior to pronouncement of this sentence.

It is further ORDERED, ADJUDGED and DECREED, that as a condition of any parole that Defendant pay restitution and reparation to the victim (s) of Defendant's crime as indicated above.

It is further ORDERED, ADJUDGED and DECREED, that the punishment under the sentence herein imposed shall begin when the Judgment and Sentence in the above indicated cause against the Defendant shall have ceased to operate.

And, the said Defendant is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

Pursuant to Article 38.33, V.A.C.C.P., the Court further ordered that the Clerk take a thumbprint of the defendant's right thumb, if defendant does not have a right thumb the Clerk shall take a thumbprint of the left thumb and if the defendant has no thumbs, the Clerk shall take a fingerprint of the defendant's index finger. Said thumbprint or fingerprint is contained on Exhibit "A" attached hereto and made a part hereof.

JUDGE PRESIDING

NOTICE OF APPEAL: _WAIVED_

I, CALVIN J. ALBRECHT, District Clerk, Lavaca County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _9-13-04_

CALVIN J. ALBRECHT, DISTRICT CLERK

By_Denise Bufmik_
Deputy

DATE _MAy 12 2004_

350

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS  76117

(817)831-8383                                        FAX (817)831-8306

September 8, 2004

Marion County District Clerk
PO Box 628
Jefferson, Texas  75657

Dear Sir/Ma'am,

     Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

     What I would like to know at this point is what, if anything, has happened in each of those cases.  I do not know the names of the persons who were charged because I did not ask for that information previously.

     Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

     Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

     If you have any questions, feel free to call.

Sincerely,

William H. Ray
Attorney at Law

3 5 2

THE STATE OF TEXAS )( IN THE 213TH
)(
VS. )( DISTRICT COURT OF
)(
BILLY JACK CRUTSINGER )( TARRANT COUNTY, TEXAS

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared ___Janie McCay___,

who, being by me duly sworn, deposed as follows:

"My name is ___Janie McCay___, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of ___Marion___ County,

Texas. Attached hereto are __1__ pages of information obtained from records from the District

Clerk's Office of ___Marion___ County, Texas. This information is kept by the District Clerk's

Office of ___Marion___ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of ___Marion___ County, Texas for an

employee or representative of the District Clerk's Office of ___Marion___ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _13_ day of _August_, 2003.

_____ NOTARY PUBLIC, STATE OF TEXAS

MARY JANE BROOKING
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-20-2006

353

NAME OF COUNTY _Marion_

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | 2 |
| 2002 | 2 |
| 2001 | 3 |
| 2000 | 1 |
| 1999 | 3 |

354

NAME OF COUNTY *Marion*

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

"Revised"    9/14/04

| Fiscal Year | Number of Indictments filed for Capital Murder |
|-------------|-----------------------------------------------|
| 2003 | ~~2~~ 1 |
| 2002 | ~~2~~ 0 |
| 2001 | ~~3~~ 2 |
| 2000 | ~~1~~ 0 |
| 1999 | ~~3~~ 1 |

Numbers previously included
"Murder" + "Capital Murder". New
Numbers are "Capital Murder".

Jamie McCoy

355

NO. 12,389

THE STATE OF TEXAS

VS.

GREGORY GLENN HARTFIELD

Aug 6 11 15 AM '99

IN THE 115TH JUDICIAL

DISTRICT COURT

MARION COUNTY, TEXAS

## JUDGMENT OF LIFE, A CAPITAL FELONY, ON JURY VERDICT OF GUILTY

Judge Presiding:
Lauren Parish

Date of Judgment:
8/5/99

Attorney for State:
James P. Finstrom

Attorney for Defendant:
James Wedding

Offense Convicted Of:
Capital Murder
Section 19.03, Penal Code
Capital Felony

Date Offense Committed:
March 26, 1999

Charging Instrument: Indictment

Plea: Not Guilty

Jury Verdict: Guilty

Plea to Enhancement
Paragraph: N/A

Findings on
Enhancement: N/A

Findings on Use of a
Deadly Weapon: n/a

Costs: $211.25

Date Sentence Imposed: 8/5/99

Date to Commence: 8/5/99

Punishment and Place of Confinement: Life, Institutional
    Division Texas Department of Justice

Time credited: Since 3/26/99

Total Restitution: $-0-

Concurrent Sentence Unless Otherwise Specified:

## JUDGMENT AND SENTENCE

On the 2nd day of August, 1999, this cause was regularly
reached and called for trial, and the State of Texas appeared by
James P. Finstrom, her County Attorney with felony responsibili-
ty, and the Defendant, Gregory Glenn Hartfield, appeared in

Judgment On Jury Verdict of Guilty, Capital Felony - Page 1

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept. 14 20 04
BY Janie McCay
DEPUTY

358

person in open court and by his attorney, **James Wedding**, and both parties announced ready for trial, and the defendant in open court pleaded not guilty to the charge contained in the indictment; thereupon a jury, to-wit, Alvin Michael Ballard and eleven others, was duly selected, impaneled, and sworn, who having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the court, and having heard the argument of counsel, retired in charge of the proper officer to consider their verdict, and afterwards were brought into open court by the proper officer, and the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the court, and is here and now entered upon the minutes of the court, to-wit:

"We, the Jury, find the defendant, GREGORY GLENN HARTFIELD, GUILTY of the offense of Capital Murder as charged in the indictment."

Alvin Michael Ballard<br>
Presiding Juror

Thereupon, the law providing that the Court shall assess a life sentence, it is the judgment of this Court that said defendant shall be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for life. Thereupon the defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him and he answered nothing in bar thereof, whereupon the Court proceeded in the presence of said Defendant, Gregory Glenn Hartfield, to sentence him as follows:

IT IS THEREFORE, the ORDER of the Court that the Defendant, Gregory Glenn Hartfield, is sentenced to Life Imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

The defendant is now remanded to the custody of the Sheriff of Marion County, Texas, to be transported to the Institutional Division of the Texas Department of Criminal Justice at Huntsville, Texas.

ENTERED this _6_ day of August, 1999.

_Lauren Parker_<br>
Judge Presiding

**Judgment On Jury Verdict of Guilty, Capital Felony - Page 2**

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept. 14 20 04
BY _Janie McCay_
DEPUTY

RECORDED VOLUME _41_ 957
PAGE NO. _73-75_

NO. 12389

THE STATE OF TEXAS

VS.

Gregory Glen Hartfield

IN THE __115__ TH

DISTRICT COURT

MARION COUNTY, TEXAS

COURT ORDERED FINGERPRINTING OF DEFENDANT'S RIGHT THUMB
DONE IN OPEN COURT.  (ART. 38.33 T.C.C.P.)



Right Thumb Print
Of Defendant

Defendant's Signature

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept 14 2021
BY _____
DEPUTY

2003 AUG 22  P 12: 01
JAMIE McCAY
DISTRICT CLERK
MARION COUNTY, TEXAS
BY_____DEP.

CAUSE NO. F12,730

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 276TH JUDICIAL |
| VS. | DISTRICT COURT OF |
| GLEN ALLEN BETHANY, JR. | MARION COUNTY, TEXAS |

## JUDGMENT OF LIFE, A CAPITAL FELONY
## ON JURY VERDICT OF GUILT

| | |
|---|---|
| DATE OF JUDGMENT: | August 19, 2003 |
| JUDGE PRESIDING: | William R. Porter |
| ATTORNEY FOR THE STATE: | James P. Finstrom |
| ATTORNEY FOR DEFENDANT: | Vernard Solomon |
| OFFENSE CONVICTED OF: | Capital Murder |
| STATUTE FOR OFFENSE: | Sec. 19.03, Texas Penal Code |
| DEGREE OF OFFENSE: | Capital Felony |
| DATE OF OFFENSE: | March 17, 2001 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE FOR WHICH DEFENDANT CONVICTED: | Not Guilty |
| PLEA TO ENHANCEMENT(s): | N/A |
| JURY VERDICT: | Guilty |
| FINDING ON USE OF A DEADLY WEAPON: | N/A |
| DATE SENTENCE IMPOSED: | August 19, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | Confinement for LIFE in the Institutional Division-TDCJ |
| TIME CREDITED TO SENTENCE: | 876 days |
| COURT COSTS: | $ 3571.25 |
| ATTORNEY'S FEE: | $   To Be Determined |
| RESTITUTION: | N/A |

This sentence shall run concurrently unless otherwise specified.

On the 12th day of August, 2003, this cause was regularly reached and called for trial, and the State of Texas appeared by James P. Finstrom, her County Attorney with felony responsibility, and the Defendant, **Glen Allen Bethany, Jr.,** appeared in person in open court and by his attorney, Vernard Solomon, and both parties announced ready for trial, and the defendant in open Court pleaded not guilty to the charge contained in the indictment; thereupon a jury, to-wit: Randy Charles Farmer and eleven others, were duly selected,

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
_____ st. 14, 20 04
BY Janie McCay

359

impaneled, and sworn, who having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, and having heard the argument of counsel, retired in charge of the proper officer to consider their verdict, and afterwards were brought into open court by the proper officer, and the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the court, and is here and now entered upon the minutes of the court, to-wit:

"We, the Jury, find the defendant, Glen Allen Bethany, Jr., guilty of the offense of CAPITAL MURDER, as charged in the indictment."

Randy C. Farmer,
Presiding Juror

Thereupon, the law providing that the Court shall assess a life sentence, it is the judgment of this Court that said defendant shall be punished by confinement in the Institution Division of the Texas Department of Criminal Justice for life. Thereupon the defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him and he answered nothing in bar thereof, whereupon the court proceeded in the presence of the Defendant, **Glen Allen Bethany, Jr**, to sentence him as follows:

IT IS THEREFORE, the ORDER of the Court that the Defendant, **Glen Allen Bethany, Jr.** is sentenced to Life Imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

The defendant is now remanded to the custody of the Sheriff of Marion County, Texas, to be transported to the Institutional Division of the Texas Department of Criminal Justice.

Signed this the ⟨27⟩ day of August, 2003.

_(signature)_
Judge Presiding

A CERTIFIED COPY.
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept 14 20 04
_(signature)_ Janie McCay

360

NO. *F 12,730*

THE STATE OF TEXAS

VS

*GLEN ALLEN BETHANY*

IN THE *276* TH

DISTRICT COURT

MARION COUNTY, TEXAS.

COURT ORDERED FINGERPRINTING OF DEFENDANT'S RIGHT THUMB
DONE IN OPEN COURT.   (ART. 38.33 T.C.C.P.)



Right Thumb Print
Of Defendant

*+ Glen Allen Bethany*

Defendant's Signature

RECORDED VOLUME *54*
PAGE NO. *823 - 825*

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
*Sept. 14* 2004
*Janie McCay*

361

CAUSE NO. F12,729

STATE OF TEXAS                                        IN THE DISTRICT COURT

VS.                                                  IN AND FOR

TAMMY ROSE WIGGINS                                   MARION COUNTY, TEXAS

### MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW James P. Finstrom, County Attorney/District Attorney of Marion County, Texas, and moves to dismiss the above styled and numbered cause for the following reasons:

1. Case tried under Cause #F13,266.

WHEREFORE, counsel for the State prays that this cause be dismissed.

Respectfully submitted,

James P. Finstrom
County Attorney/District Attorney
Marion County, Texas
903-665-7111
Fax: 903-665-3348
Texas Bar #07038000

### ORDER OF DISMISSAL

Came on for consideration the motion to dismiss filed by James P. Finstrom, County Attorney/District Attorney of Marion County, Texas, and Court being of the opinion that the motion should be granted for the reasons stated in the motion,

IT IS ORDERED that this cause is dismissed.

SIGNED this 22 day of _October_, 2003.

Judge Presiding

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept. 14 2004
BY _Janie McCay_
DEPUTY

RECORDED VOLUME 55
PAGE NO. 237

362

CAUSE NO. F13,266

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 115TH JUDICIAL |
| VS. | DISTRICT COURT OF |
| TAMMY ROSE WIGGINS | MARION COUNTY, TEXAS |

<u>JUDGMENT OF LIFE, A CAPITAL FELONY
ON JURY VERDICT OF GUILT</u>

| | |
|---|---|
| DATE OF JUDGMENT: | September 25, 2003 |
| JUDGE PRESIDING: | Lauren Parish |
| ATTORNEY FOR THE STATE: | James P. Finstrom |
| ATTORNEY FOR DEFENDANT: | William Gleason |
| OFFENSE CONVICTED OF: | Capital Murder |
| STATUTE FOR OFFENSE: | Sec. 19.03, Texas Penal Code |
| DEGREE OF OFFENSE: | Capital Felony |
| DATE OF OFFENSE: | March 17, 2001 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE FOR WHICH DEFENDANT CONVICTED: | Not Guilty |
| PLEA TO ENHANCEMENT(s): | N/A |
| JURY VERDICT: | Guilty |
| FINDING ON USE OF A DEADLY WEAPON: | N/A |
| DATE SENTENCE IMPOSED: | September 25, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | Confinement for LIFE in the Institutional Division-TDCJ |
| TIME CREDITED TO SENTENCE: | 40 days |
| COURT COSTS: | $518.00 |
| ATTORNEY'S FEE: | $7,900.00 |
| RESTITUTION: | N/A |

This sentence shall run concurrently unless otherwise specified.

On the 22nd day of September, 2003, this cause was regularly reached and called for trial, and the State of Texas appeared by James P. Finstrom, her County Attorney with felony responsibility, and the Defendant, **TAMMY ROSE WIGGINS,** appeared in person in open court and by her attorney, William Gleason, and both parties announced ready for trial, and the defendant in open Court pleaded not guilty to the charge contained in the indictment; thereupon a jury, to-wit: Jason Bonner and eleven others, were duly selected, impaneled, and

sworn, who having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, and having heard the argument of counsel, retired in charge of the proper officer to consider their verdict, and afterwards were brought into open court by the proper officer, and the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the court, and is here and now entered upon the minutes of the court, to-wit:

"We, the Jury, find the defendant, TAMMY ROSE WIGGINS, guilty of the offense of CAPITAL MURDER, as charged in the indictment."

Jason Bonner,
Presiding Juror

Thereupon, the law providing that the Court shall assess a life sentence, it is the judgment of this Court that said defendant shall be punished by confinement in the Institution Division of the Texas Department of Criminal Justice for life. Thereupon the defendant was asked by the Court whether she had anything to say why sentence should not be pronounced against her and she answered nothing in bar thereof, whereupon the court proceeded in the presence of the Defendant, **TAMMY ROSE WIGGINS**, to sentence her as follows:

IT IS THEREFORE, the ORDER of the Court that the Defendant, **TAMMY ROSE WIGGINS** is sentenced to Life Imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

The defendant is now remanded to the custody of the Sheriff of Marion County, Texas, to be transported to the Institutional Division of the Texas Department of Criminal Justice.

Signed this the _29_ day of September, 2003.

_Lauren Parl_
Judge Presiding

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS
Sept. 14 '07
Janice McCay

364

NO. F13266

THE STATE OF TEXAS

VS

*Tammy Rise Wiggins*

IN THE 115 TH

DISTRICT COURT

MARION COUNTY, TEXAS

COURT ORDERED FINGERPRINTING OF DEFENDANT'S RIGHT THUMB
DONE IN OPEN COURT.  (ART. 38.33 T.C.C.P.)



Right Thumb Print
Of Defendant

Defendant's Signature.

A CERTIFIED COPY
ATTEST: JANIE McCAY
DISTRICT CLERK, MARION COUNTY, TEXAS

RECORDED VOLUME 55
PAGE NO. 580 - 582

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS   76117

**(817)831-8383**                    **FAX (817)831-8306**

September 8, 2004

Bree Allen, District Clerk
Newton County
117 Court Street, PO Box 535
Newton, Texas   75966

Dear Ms. Allen,

  Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

  What I would like to know at this point is what, if anything, has happened in each of those cases.   I do not know the names of the persons who were charged because I did not ask for that information previously.

  Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

  Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

  If you have any questions, feel free to call.

    Sincerely,


    William H. Ray
    Attorney at Law

367

NO. 0885506D

| THE STATE OF TEXAS | )( | IN THE 213TH |
| | )( | |
| VS. | )( | DISTRICT COURT OF |
| | )( | |
| BILLY JACK CRUTSINGER | )( | TARRANT COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared ___Bree Allen___,

who, being by me duly sworn, deposed as follows:

"My name is ___Bree Allen___, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of ___Newton___ County,

Texas. Attached hereto are ___1___ pages of information obtained from records from the District

Clerk's Office of ___Newton___ County, Texas. This information is kept by the District Clerk's

Office of ___Newton___ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of ___Newton___ County, Texas for an

employee or representative of the District Clerk's Office of ___Newton___ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

_Bree Allen_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the 14th day of ___August___, 2003.

_____ NOTARY PUBLIC, STATE OF TEXAS

TONIA M. ROONEY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 8-30-2003

368

NAME OF COUNTY _____

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | 1 |
| 2002 | 1 |
| 2001 | 0 |
| 2000 | 1 |
| 1999 | 0 |

No. 4993

FILED

FEB 2 3 2000

*Abbie N. Stark*
ABBIE N. STARK
District Clerk, Newton County, Texas

by _____

_____ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE 1ST DISTRICT COURT |
| VS | )( | OF |
| DARRELL RAY HALLMARK | )( | NEWTON COUNTY, TEXAS |

## JUDGEMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE THE COURT WAIVER OF JURY TRIAL

JUDGE PRESIDING:  Joe Bob Golden          DATE OF JUDGMENT: February 23, 2000

ATTORNEY FOR                    ATTORNEY FOR
STATE:  A. W Davis, Jr.          DEFENDANT:  Robert Choate

OFFENSE CONVICTED OF:  Capital Murder
PENAL CODE:  19.03

DECREE:  Capital Felony          DATE OFFENSE
                                  COMMITTED:  January 25, 2000

CHARGING
INSTRUMENT:      Indictment          PLEA:  Guilty

TERMS OF PLEA
BARGAIN (In Detail):  Life sentence in the Institutional Division of the Texas Department of Criminal
                      Justice.

PLEA TO ENHANCEMENT                FINDINGS ON
PARAGRAPH (S):                      ENHANCEMENT:

FINDINGS ON USE
OF DEADLY WEAPON:

DATE OF SENTENCE                    DATE TO COMMENCE:
IMPOSED:   February 23, 2000        February 23, 2000

PUNISHMENT AND
PLACE OF CONFINEMENT: Life sentence in the Institutional Division of the Texas Department of
                      Criminal Justice.

CONCURRENT UNLESS OTHERWISE SPECIFIED:

TIME CREDITED:                      DEFENDANT'S DATE OF BIRTH: May 11, 1973

                                    RESTITUTION TO BE PAID TO:
                                    Name:
TOTAL AMOUNT OF
RESTITUTION/REPARATION:             Address:

NOTICE OF APPEAL:  _____

Joe Bob Golden
JUDGE PRESIDING

370

# JUDGMENT

VOL **9** PAGE **81**

On the 23rd day of February, 2000, the above entitled and numbered cause was regularly reached and called for trial and the State appeared by her Criminal District Attorney, A. W Davis, Jr., and the defendant, Darrell Ray Hallmark, appeared in person as did defendant's attorney of record, and the Criminal District Attorney announced ready for trial, as did the defendant, and it appearing to the Court that the defendant, defendant's counsel, and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause, and to submit this cause to the Court; and the Court having consented to the waiver of a jury herein, and proceed with the defendant charged by Indictment, the reading of the Indictment was waived, and the defendant, upon being asked by the Court as to how defendant pleaded, entered a plea of "GUILTY" to a charge of Capital Murder under Section 19.03 of the *Texas Penal Code*, as charged in the Indictment relied upon by the State; thereupon the defendant was admonished by the Court of the consequences of said plea and it appearing to the Court that the said defendant is sane and that the defendant is not influenced in making said plea by any consideration or fear, or by any persuasion or delusive hope of pardon or reward prompting a confession of guilt, the said plea of "GUILTY" is by the Court received and is here now entered of record in the minutes of the Court as the plea herein of said defendant; and the Court after having heard all evidence for the State and defendant, and having heard argument of counsel, is of the opinion and so finds that the said defendant is guilty as confessed of Capital Murder charged in the Indictment on file in this case.

It is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that the said defendant, Darrell Ray Hallmark, committed said offense of Capital Murder on the 25th day of January, 2000, in the County of Newton, State of Texas, as confessed in said plea of guilty herein made, and that punishment be fixed as determined by the Court, by confinement in the Institutional Division of the State Department of Criminal Justice for Life.

The Court makes the following findings: There was Capital Murder by the defendant in violation of Section 19.03 of the Texas Penal Code. Under the facts and circumstances of this case, a presentence investigation is not required, nor is one sought by the Defendant.

Further, it appearing to the Court that it is the choice and agreement of the defendant, defendant's counsel, and the State's attorney to immediately proceed with sentencing in this case, and to have the sentence of the law pronounced in accordance with the judgment herein rendered and entered against the defendant on this date, the Court proceeded to do so. And thereupon the defendant, Darrell Ray Hallmark, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said defendant, Darrell Ray Hallmark, to pronounce sentence against him as follows: It is the order of the Court that the defendant, Darrell Ray Hallmark, who has been adjudged to be guilty of Capital Murder, and whose punishment has been assessed by the Court at confinement in the Institutional Division of the State Department of Criminal Justice for Life, be delivered by the Sheriff of Newton County, Texas, immediately to the Institutional Division of the State Department of Criminal Justice of the State of Texas, or other person legally authorized to receive such convicts, *subject to the provisions and conditions contained in this judgment and sentence*, and the said Darrell Ray

Hallmark, shall be confined in said Institutional Division of the State Department of Criminal Justice for Life, in accordance with the provisions governing said Institutional Division of the State Department of Criminal Justice of the State of Texas, and in conformity with the terms of this Judgment.

SIGNED and ENTERED this 23rd day of February, 2000.

Joe Bob Golden
District Judge Presiding
Newton County, Texas

Defendant's Right
Thumb Print:



I certify this to be a true and correct copy of the original on file in the District Clerk's Office, Newton County, Texas
Bree Allen, District Clerk
Attn, & Date 9-14-04
By _Bree Allen_

3 7 2

No. ND 5220 (Single Count) TRN 0042391741

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE FIRST JUDICIAL |
| v. | § | DISTRICT COURT OF |
| PERRY ANTHONY | § | NEWTON COUNTY, TEXAS |
| STEVENSON, DEFENDANT | | |

SID: TX 06862307

# JUDGMENT OF CONVICTION BY COURT;
## SENTENCE TO Institutional Division, TDCJ

FILED
O'clock P M
SEP 18 2002

District Clerk Newton County Texas
By _____

| | |
|---|---|
| DATE OF JUDGMENT: | September 18, 2002 |
| JUDGE PRESIDING: | Joe Ned Dean |
| ATTORNEY FOR THE STATE: | A. W Davis, Jr. |
| ATTORNEY FOR THE DEFENDANT: | C. Haden Cribbs, Jr. and Kevin Sekaly |
| OFFENSE: | Capital Murder |
| STATUTE FOR OFFENSE: | Section 19.03, Penal Code |
| DEGREE OF OFFENSE: | Capital Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life. |
| DATE OF OFFENSE: | January 28, 2002 |
| CHARGING INSTRUMENT: | Indictment |
| TERMS OF PLEA AGREEMENT (IN DETAIL): | The Defendant is to receive a Life sentence in the Institutional Division of the Texas Department of Criminal Justice. As a part of the plea agreement, the defendant will enter a plea of guilty to the pending murder charge in Orange County, Texas and receive a life sentence. The Orange County sentence shall run consecutively with the life sentence for capital murder assessed in this case, and shall commence when the judgment and sentence in this case shall have ceased to operate. |
| PLEA TO OFFENSE: | Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Not Applicable |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | September 18, 2002 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | Defendant is to receive a Life Sentence in the Institutional Division of the Texas Department of Criminal Justice. |

373

| | |
|---|---|
| TIME CREDITED TO SENTENCE: | January 29, 2002 - September 18, 2002. |
| COURT COSTS: | $198.00 |
| TOTAL AMOUNT OF RESTITUTION: | $-0- |
| NAME AND ADDRESS FOR RESTITUTION: | N/A |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply to the Defendant**. The age of the victim at the time of the offense was **not applicable**.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of **Guilty** to the offense of **Capital Murder, as alleged in the charging instrument**. Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by any persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A presentence investigation report **was not required or done**. The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense of Capital Murder as stated above, the punishment is fixed at Life Imprisonment in the Institutional Division of the Texas Department of Criminal Justice as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given

credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

N/A

Signed on the 18th day of September, 2002.

_____
Judge Presiding

Defendant's right thumbprint



I certify this to be a true and correct copy of the original on file in the District Clerk's Office, Newton County, Texas.
Bruce Allen, District Clerk
Atty. & Date
By

Judgement of Conviction by Court; Direct Sentence, Cause No. ND 5220; Page 3 of 3 Pages

375

No. ND 5380 (Single Count) TRN 004 255 6988

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE FIRST JUDICIAL |
| v. | § | DISTRICT COURT OF |
| RICHARD DEREK | § | NEWTON COUNTY, TEXAS |
| HOFFPAUIR, DEFENDANT | § | |
| SID: TX 06004104 | | |

## JUDGMENT OF CONVICTION BY COURT; SENTENCE TO Institutional Division, TDCJ

DATE OF JUDGMENT: **August 8, 2003**

JUDGE PRESIDING: **Joe Bob Golden**

ATTORNEY FOR THE STATE: **A. W Davis, Jr.**

ATTORNEY FOR THE DEFENDANT: **C. Haden Cribbs, Jr.**

OFFENSE: **Capital Murder**

STATUTE FOR OFFENSE: **Section 19.03, Penal Code**

DEGREE OF OFFENSE: **Capital Felony**

APPLICABLE PUNISHMENT RANGE
(including enhancements, if any): **An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life.**

DATE OF OFFENSE: **May 2, 2003**

CHARGING INSTRUMENT: **Indictment**

TERMS OF PLEA AGREEMENT
(IN DETAIL): **Defendant agreed to enter a plea of guilty to Attempted Capital Murder and Aggravated Robbery charges pending in Saline County, Arkansas in return for a life sentence under Arkansas law; and he further agreed to enter a plea of guilty to the Capital Murder charged in this case in return for the State's not seeking the death penalty. The Arkansas life sentence and the Texas life sentence are to run concurrently, but should the Defendant ever be released from prison in Texas he will immediately be transported to Arkansas to complete his life sentence under Arkansas law.**

PLEA TO OFFENSE: **Guilty**

PLEA TO ENHANCEMENT
PARAGRAPH(S): **Not Applicable**

VERDICT FOR OFFENSE: **Guilty**

FINDING ON ENHANCEMENT: **Not Applicable**

AFFIRMATIVE FINDING ON DEADLY
WEAPON: **Not Applicable**

OTHER AFFIRMATIVE SPECIAL
FINDINGS: **Not Applicable**

DATE SENTENCE IMPOSED: **August 8, 2003**

PUNISHMENT AND PLACE OF
CONFINEMENT: **Defendant is to receive a Life Sentence in the Institutional Division of the Texas Department of**

376

TIME CREDITED TO SENTENCE:

COURT COSTS:

TOTAL AMOUNT OF RESTITUTION:

NAME AND ADDRESS FOR

RESTITUTION:

Criminal Justice.

July 9, 2003 - August 8, 2003

$198.00

None

Not Applicable

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply to** the Defendant. The age of the victim at the time of the offense was **not applicable.**

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of **Guilty** to the offense of **Capital Murder, as alleged in the charging instrument.** Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration or fear or by any persuasion prompting a confession of guilt; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A presentence investigation report **was not required or done.** The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense of Capital Murder as stated above, the punishment is fixed at Life Imprisonment in the Institutional Division of the Texas Department of Criminal Justice as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ,** there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

377

**Furthermore, the following special findings or orders apply:**

Not Applicable

Signed on the 8th day of August, 2003

_____

Judge Presiding

Defendant's right thumbprint





I certify this to be a true and correct copy
of the original on file in the District Clerk's
Office. Newton County, Texas
Bree Allen, District Clerk
Attn & Date 2/4-2012
By _____

WPTS2: Judgment of Conviction by Court; Direct Sentence, Cause No. ND 5380; Page 3

378

379

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS  76117

(817)831-8383                                    FAX (817)831-8306

September 8, 2004

Parmer County District Clerk
PO Box 195
Farwell, Texas   79325

Dear Sir/Ma'am,

     Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

     What I would like to know at this point is what, if anything, has happened in each of those cases.   I do not know the names of the persons who were charged because I did not ask for that information previously.

     Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

     Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

     If you have any questions, feel free to call.

                 Sincerely,


                 William H. Ray
                 Attorney at Law

NAME OF COUNTY *Farmer*

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | 1. Jose Adam Gomez – Pending |
| 2002 | 0 |
| 2001 | 0 |
| 2000 | 0 |
| 1999 | 0 |

381

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of Parmer, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the March 2003 Term, of the 287th Judicial District Court of said County, upon their oaths present in and to said Court, that **JOSE ADAM GOMEZ**, on or about the **13ᵗʰ day of April, 2003**, and before the presentment of this indictment, in said County and State, did then and there intentionally or knowingly cause the death of an individual, namely, Sgt. Jose Arturo Herrera, by intentionally causing his automobile to crash into the officer's automobile, and the said Sgt. Jose Arturo Herrera was then and there a peace officer who was acting in the lawful discharge of an official duty, to-wit: attempting to stop and arrest the defendant, and the defendant knew Sgt. Jose Arturo Herrera was a peace officer.

FILED *1:30* o'clock

JUN – 3 2003

DISTRICT CLERK

A CERTIFIED COPY

Against the peace and dignity of the State of Texas.

**Johnny Atkinson**

JOHNNY ACTKINSON
District Attorney

Foreperson of the Grand Jury

382

NO. 2573

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | PARMER COUNTY, TEXAS |
| | § | |
| JOSE ADAM GOMEZ | § | 287TH JUDICIAL DISTRICT |

## JUDGMENT ON PLEA OF GUILTY BEFORE COURT
## WAIVER OF JURY TRIAL

Judge Presiding:  GORDON H. GREEN                          Judgment Date: April 29, 2004

Attorney                                                  Attorney
for State: JOHNNY ACTKINSON                               for Defendant: MARK SNODGRASS and
                                                                          DENNIS R REEVES
                                                                          appointed

Offense convicted of:  capital murder

Degree: Capital Felony                                    Offense date: 4-13-2003

Charging instrument:  Indictment                          Plea: Guilty

Terms of plea bargain (in detail):
    life - confinement; $278.00 court costs.
    To begin after the term of years assessed with conviction in  Randall County District Court case # 14959B has
    ceased to operate.  Pursuant to Article 42.08, C.C.P., this shall be a stacked, cumulative or consecutive
    sentence.

Plea to enhancement                    Findings on                      Findings on use
paragraph(s):  n/a                     enhancement:  n/a                of deadly weapon:  n/a

Date sentence imposed: April 29, 2004                     Court Costs $   278.00

Date sentence to commence: April 29, 2004                 Atty fees $

Punishment term and place of confinement:   life - TDCJ - Institutional Division

Time credited:  April 13, 2003.                           Amount of restitution: $
                                                          Restitution to be paid to:

On the 29th day of April, , 2004, this cause was called for trial and the State appeared by her Attorney,
and the Defendant, JOSE ADAM GOMEZ, appeared in person, Defendant's appointed counsel, MARK
SNODGRASS and DENNIS R REEVES, also being present.

The said Defendant, having been duly arraigned in open Court, both parties announced ready for trial, and
the said Defendant in open Court in person, pleaded guilty to the charge contained in the indictment herein.

Thereupon the said Defendant was admonished by the Court of the range of punishment attached to the
offense charged and of the consequences of said plea, and the said Defendant persisted in pleading guilty; and it
plainly appearing to the Court that the said Defendant is mentally competent, that Defendant's plea is free and
voluntary, and that Defendant is uninfluenced in making said plea by any consideration of fear, or by any persuasion
or delusive hope of pardon, prompting Defendant to confess Defendant's guilt, the said plea of guilty is by the Court
received, and is here now entered of record upon the minutes of the Court as the plea herein of said Defendant.

P 3

The Defendant further consent and approval of the Court to waive the right of a trial by jury, and whereas such consent and approval, of the attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the Defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed, and the Court here and now gives its consent and approval for the said Defendant to waive the right of a trial by jury.

Whereupon the Defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom that the said Defendant is guilty of the offense committed by Defendant on or about the 13th day of April, 2003, to wit: capital murder

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense charged as found by the Court and that Defendant's punishment has been set by confinement in the penitentiary for life, and the State of Texas do have and recover of the said Defendant all costs in this prosecution expended for which execution will issue.

This sentence shall be stacked, run consecutive and cumulate the punishment after the sentence received by the Defendant, JOSE ADAM GOMEZ, in cause No. 14959B, in the District Court of Randall County, Texas has ceased to operate.

The State appeared by its Attorney, and came the Defendant, in person, and Defendant's attorney, also being present. The Court does not require a presentence investigation pursuant to Article 42.12 Section 9(g) (4) of the Texas Code of Criminal Procedure. The Court thereupon asked the Defendant if Defendant had anything to say why the Sentence should not be pronounced against Defendant, to which Defendant answered, Defendant had not, whereupon the Court in the presence of said Defendant pronounced sentence against Defendant as follows:

IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, who has been adjudged to be guilty of the offense charged, be delivered to the Sheriff of said county, who shall hold Defendant in custody and in jail, pursuant to Texas law, for local confinement, or until he is able to convey Defendant to the agents of the Texas Department of Criminal Justice, Institutional Division, the State Penitentiary, or other person legally authorized to receive such convict, to be confined and imprisoned for a term of life, and all costs in this behalf expended, for which execution will issue, the punishment assessed in accordance with the provisions of the law governing the penitentiaries of said State, and the said Defendant is remanded to jail until the said Sheriff can carry out the directions of this sentence.

THIS SENTENCE SHALL COMMENCE AFTER THE PRIOR SENTENCE IN CAUSE NUMBER 14959B IN THE DISTRICT COURT OF RANDALL COUNTY, TEXAS HAS CEASED TO OPERATE.

The Defendant is hereby granted credit on Defendant's sentence under the provisions of Article 42.03, V.A.C.C.P., for April 13, 2003 .

SIGNED AND ORDERED ENTERED this the 29th day of April, 2004.

FILED 11:30 O'CLOCK A M

APR 29 2004
Y

DISTRICT CLERK CARR POTTER TEXAS as of the date of judgment.

TAKEN BY: _____
DEPUTY SHERIFF
Randall BARMER COUNTY, TEXAS
Defendant's Fingerprints

_____
GORDON H. GREEN
JUDGE PRESIDING

Right Thumb

Plain Impressions - Right Hand

384

385

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS   76117

(817)831-8383                                    FAX (817)831-8306

September 8, 2004

Kim Wells, District Clerk
San Saba County
500 E. Wallace
San Saba, Texas   76877

Dear Ms. Wells,

      Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years. You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year. I have enclosed a copy of the form that you filled out and sent back to me.

      What I would like to know at this point is what, if anything, has happened in each of those cases. I do not know the names of the persons who were charged because I did not ask for that information previously.

      Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive. If there is any charge, please contact me at the number above, and I will send the fee. If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact. If the case has been dismissed, please send a certified copy of the dismissal.

      Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

      If you have any questions, feel free to call.

Sincerely,


William H. Ray
Attorney at Law

386

NAME OF COUNTY _San Saba_

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | 1 |
| 2002 | 0 |
| 2001 | 0 |
| 2000 | 0 |
| 1999 | 0 |

387

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS  76117

(817)831-8383                                    FAX (817)831-8306

September 8, 2004

Kim Wells, District Clerk
San Saba County
500 E. Wallace
San Saba, Texas   76877

Dear Ms. Wells,

  Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

  What I would like to know at this point is what, if anything, has happened in each of those cases.  I do not know the names of the persons who were charged because I did not ask for that information previously.

  Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

  Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

  If you have any questions, feel free to call.

Sincerely,

William H. Ray
Attorney at Law

*None in the time frame of 99-03;*
*I have (1) case set for Trial 10-18-04,*

388

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS   76117

**(817)831-8383**                                    **FAX (817)831-8306**

September 8, 2004

Lydia Steele
Uvalde County District Clerk
Courthouse Plaza, Box 15
Uvalde, Texas   78801

Dear Ms. Steele,

Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

What I would like to know at this point is what, if anything, has happened in each of those cases.   I do not know the names of the persons who were charged because I did not ask for that information previously.

Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

If you have any questions, feel free to call.

Sincerely,


William H. Ray
Attorney at Law

390

NO. 2001-03-9991-CR

| THE STATE OF TEXAS | )( | IN THE 38TH JUDICIAL DISTRICT |
| | )( | |
| VS. | )( | DISTRICT COURT OF |
| | )( | |
| GEORGE LESLEY CANTRELL | )( | UVALDE ... COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared ___Lydia Steele___,

who, being by me duly sworn, deposed as follows:

"My name is ___Lydia Steele___, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of ___Uvalde___ County,

Texas. Attached hereto are __3__ pages of information obtained from records from the District

Clerk's Office of ___Uvalde___ County, Texas. This information is kept by the District Clerk's

Office of ___Uvalde___ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of ___Uvalde___ County, Texas for an

employee or representative of the District Clerk's Office of ___Uvalde___ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

AFFIANT - Lydia Steele - District Clerk

SWORN TO AND SUBSCRIBED before me on the 31st day of ___July___, 2003.

REBECA URBINA - CHIEF DEPUTY
38TH Judicial District - Uvalde County, Texas:

391

NAME OF COUNTY

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | none |
| 2002 | none |
| 2001 | 1 |
| 2000 | none |
| 1999 | none |

392

THE STATE OF TEXAS

VS.

**GEORGE LESLEY CANTRELL, JR.**

D.O.B.:   09/02/1967
ADDRESS:   1290 River Road
New Braunfels, Texas

CAUSE NO.: *01-03-9991-CR*
AGENCY CASE NO.:
INDICTED: 03/01/2001 AGENCY:  UCSO
ARREST DATE:
CHARGE:   Capital Murder
[Capital Felony]

AMOUNT OF BAIL: *Same (No Bond)*

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

### Count I.

The duly organized Grand Jury of Uvalde County, Texas, presents in the District court of Uvalde County, Texas, that in Uvalde County, Texas, **George Lesley Cantrell, Jr.**, hereinafter styled the defendant(s), heretofore on or about February 23, 2001, did then and there intentionally cause the death of an individual, namely, Roger W. Garrison, by shooting the victim with a firearm or handgun, and the defendant was then and there in the course of committing or attempting to commit the offense of Kidnapping of Melody Bice.

### Count II.

It is further presented to the duly organized Grand Jury of Uvalde County, Texas, presents in the District court of Uvalde County, Texas, that in Uvalde County, Texas, **George Lesley Cantrell, Jr.**, hereinafter styled the defendant(s), heretofore on or about February 23, 2001, did then and there intentionally cause the death of an individual, namely, Roger W. Garrison, by shooting the victim with a firearm or handgun, and the defendant was then and there in the course of committing or attempting to commit the offense of Burglary of a Habitation of Roger W. Garrison, who was the owner of the habitation..

against the peace and dignity of the State.

*R S Torres*

Foreman of the Grand Jury

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INDICTMENT

Filed on the 1st day of March, 2001.  Lydia Steele, Clerk of the District Court, Uvalde County,

Texas.

BY: _Lydia Steele_, District Clerk.

---

COUNTY OF UVALDE

THE STATE OF TEXAS

I, Lydia Steele, Clerk of the 38th District Court of Uvalde County, Texas, do hereby certify that the within and

foregoing is a true and correct copy of the Original Bill of Indictment, filed in said Court on the 1st day of March, 2001, in

Cause No. _01-03-9991-CR_____, styled the State of Texas vs. **George Lesley Cantrell, Jr.**.

_Lydia Steele_
CLERK

BY: _____
Deputy

---

WITNESS:
Charles Mendeke

STATE OF TEXAS
COUNTY OF UVALDE
I, Lydia Steele, District Clerk of Uvalde County,
Texas do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession.

filed on: _3-01-01_____as appears

_on file_____in my office.
Witness my official hand and seal of office, this

_9-20-04_

Lydia Steele, District Clerk
Uvalde County, Texas                        394

By _____ Deputy

THE STATE OF TEXAS

VS.

GEORGE L. CANTRELL

IN THE 38TH JUDICIAL

DISTRICT COURT OF

UVALDE COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY BEFORE COURT
## WAIVER OF JURY TRIAL

Date of Judgment:          9/5/02

Judge Presiding:           Mickey R. Pennington

Attorney for State:        Anton E. Hackebeil/G. Dale Gear Jr.

Attorney for Defendant:    JERRY EVANS/EMMETT HARRIS

Offense Convicted Of:      CAPITAL MURDER
                           P.C. 19.03 (a)(2)

Date Offense Committed:    2/23/01

Degree:                    CAPITAL FELONY

Charging Instrument:       Indictment

Plea:                      Guilty

Plea to Enhancement Paragraph(s): N/A

Findings on Enhancement: N/A

Terms of Plea Bargain (In Detail):  For Defendant's plea of guilty he is to serve **LIFE** in the Texas Department of Criminal Justice-Institutional Division, case to run CONSECUTIVELY with Guadalupe County cause no.01-0371.

Findings of Use of Deadly Weapon: AFFIRMATIVE

Date Sentence Imposed:     9/5/02

Costs:        $0.00

Punishment and Place of Confinement: Defendant is to serve **LIFE** in the Texas Department of Criminal Justice-Institutional Division.

Date to Commence:          9/5/02

Time Credited:             -153- Days

Concurrent unless otherwise specified: N/A

Total Amount of Restitution/Reparation: N/A.
Restitution to be Paid To:
Address:      District Clerk
              Courthouse
              Uvalde, Texas 78801

VOL  088   186

FILED 3:40 AM (PM)  10.28 20 02
LYDIA STEELE  385
CLERK DISTRICT COURT, UVALDE COUNTY, TEXAS
BY Melissa Sandoval
                                    DEPUTY

This day this cause was called for trial and the State appeared by her District Attorney, Anton E. Hackebeil, and the Defendant, <u>GEORGE L. CANTRELL</u>, appeared in person with counsel, <u>JERRY EVANS AND EMMETT HARRIS</u> who was also present, and both parties announced ready for trial and defendant in open court, in person, pleaded guilty to the charge in the 1st count of the indictment. Thereupon the said defendant was admonished by the Court of the consequences of said plea, including the range of the punishment attached to the offense; the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court and the court inquired of said defendant if said plea was voluntarily made, and said defendant persisted in pleading guilty; and it plainly appearing to the Court that the said defendant is sane and that he/she is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him/her to enter his/her plea of guilty, the said plea of guilty is by the Court received; the court finds that such plea was freely and voluntarily made, and here now entered of record upon the minutes of the Court as the plea herein of said defendant. Thereupon the defendant requested the consent and approval of the Court to waive the right of a trial by a jury, and whereas such consent and approval of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed. Therefore the Court now gives its consent and approval for the said defendant to waive the right of a trial by a jury;

Whereupon the defendant proceeded to trial before the Court, who having heard and considered the pleading and evidence offered, is of the opinion therefrom that the defendant is guilty of the offense charged against him/her in the 1st count of the indictment.

It is therefore considered and adjudged by the Court that the defendant, is guilty of the offense of <u>CAPITAL MURDER</u>, and that he/she be punished by confinement in the Texas Department of Criminal Justice-Institutional Division for a term of <u>LIFE</u>, and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue.

PRESIDING JUDGE

DATE SIGNED   _10-23-02_

Notice of Appeal: <u>No</u>

Fingerprint of right index finger of Defendant,

Defendant's signature

STATE OF TEXAS
COUNTY OF UVALDE
I, Lydia Steele, District Clerk of Uvalde County,
Texas do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession,

filed on: _10-28-02_ as appears
_VOl. 88, pg 186-187_ in my office.
Witness my official hand and seal of office, this

_9-20-04_

Lydia Steele, District Clerk
Uvalde County, Texas
By _____ Deputy

VOL 088   18

396

NO.: 01-023-9991-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | OF UVALDE COUNTY |
| | § | 38TH JUDICIAL DISTRICT |
| | § | OF TEXAS |
| | § | September   TERM   A.D., 2002 |
| GEORGE L. CANTRELL | § | DATE: September 5, 2002 |

This day this cause being again called, the State appeared by her District Attorney, Anton E. Hackebeil, and the Defendant, GEORGE L. CANTRELL, appeared in person in open court, his/her legal Counsel, JERRY EVANS AND EMMETT HARRIS, also being present, and the Defendant thereupon in open court waived time for filing motion for new trial and motion in arrest of Judgment and did then and there elect to accept his/her sentence. Thereupon, the Defendant was asked by the Court whether he/she had anything to say why sentence should not be pronounced against him/her and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defendant to pronounce sentence against him/her as follows:

It is the order of the Court that the Defendant, who has been adjudged to be guilty of a felony, to-wit: CAPITAL MURDER, and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for LIFE, is hereby sentenced to confinement in the Texas Department of Criminal Justice-Institutional Division, for a term of LIFE, and he/she shall be delivered by the Sheriff of Uvalde County, Texas, or other authorized agent of the State of Texas, immediately to the Director of the Texas Department of Criminal Justice-Institutional Division, or other person legally authorized to receive such convicts for the purpose of serving such sentence in accordance with the provisions of the law governing penitentiaries and the Texas Department of Criminal Justice-Institutional Division of this State; it is further ordered by the Court that the Defendant be credited on

FILED 341 AM (PM) 10.28 20 02

LYDIA STEELE
CLERK DISTRICT COURT, UVALDE COUNTY, TEXAS 397
BY _Melissa Sandoval_
DEPUTY

VOL 088   18c

this sentence with 153 [one h   d fifty three] days on account o    time spent in jail in said cause

since his/her arrest and confinement until sentence was pronounced by this Court.   And the said

Defendant is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

**SIGNED** this the _____ 23 _____ day of _____ October _____, 2002.

DISTRICT JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF UVALDE
I, Lydia Steele, District Clerk of Uvalde County,
Texas do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession,

filed on: 10-28-02 as appears
VOL. 88, pg 188, 189 in my office.
Witness my official hand and seal of office, this

9-20-04

Lydia Steele, District Clerk
Uvalde County, Texas
By _____ Deputy

VOL 088 185

398

399

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS   76117

**(817)831-8383**                                    **FAX (817)831-8306**

September 8, 2004

Karen Wilson, District Clerk
Van Zandt County
121 E. Dalls, Ste. 302
Canton, Texas   75103

Dear Ms. Wilson,

     Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

     What I would like to know at this point is what, if anything, has happened in each of those cases.   I do not know the names of the persons who were charged because I did not ask for that information previously.

     Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

     Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

     If you have any questions, feel free to call.

              Sincerely,

              William H. Ray
              Attorney at Law

400

THE STATE OF TEXAS )(    IN THE 213TH

)(

VS. )(    DISTRICT COURT OF

)(

BILLY JACK CRUTSINGER )(    TARRANT COUNTY, TEXAS

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared _Karen Wilson_

who, being by me duly sworn, deposed as follows:

"My name is _Karen Wilson_, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of _Van Zandt_ County,

Texas. Attached hereto are _1_ pages of information obtained from records from the District

Clerk's Office of _Van Zandt_ County, Texas. This information is kept by the District Clerk's

Office of _Van Zandt_ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of _Van Zandt_ County, Texas for an

employee or representative of the District Clerk's Office of _Van Zandt_ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _23_ day of _July_ 2003.

_Ruthie McAdoo_ NOTARY PUBLIC, STATE OF TEXAS

**401**

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
| --- | --- |
| 2003 | |
| 2002 | |
| 2001 | 3 |
| 2000 | 3 |
| 1999 | |

402



# Karen Wilson
## District Clerk
121 East Dallas Street, Room 302
Canton, Texas 75103
(903)567-6576

September 17, 2004

William H. "Bill" Ray, P.C.
5041 Airport Freeway
Fort Worth, TX 76117

Dear Mr. Ray:

Enclosed are certified copies of Judgments and one Dismissal, as requested in your letter of September 8, 2004. The cases on Mark Ashley White and John Stephen Lawson are still pending, as you can see on the enclosed Criminal Docket Listing.

Please contact us if we can be of further assistance.

Sincerely,

Karen Wilson, District Clerk

By _Louise Travis_ Deputy

403

404

CAS104
01/01/1999 THRU 09/16/2004

INDEX FOR KAREN WILSON-DISTRICT CLERK
CASE NUMBER CRIMINAL DOCKET LISTING

OCA CAUSE CODE C010

PAGE 1
FOR COURT CODE ALL

| CASE NO. | PLAINTIFF NAME / CAUSE OF ACTION | DEFENDANT NAME / ATTORNEY | FILE DATE / DESCRIPTION | DISP DATE | BOOK | VOL | PAGE |
|---|---|---|---|---|---|---|---|
| 16349 | THE STATE OF TEXAS / FILING BY INDICTMENT | FRANKLIN, RAUL / HEAD, MIKE | 04/06/2000 CAPITAL MURDER | 12/19/2003 | CRIM | | |
| 16350 | THE STATE OF TEXAS / FILING BY INDICTMENT | WILSON, MARK ANTHONY / DIXON, LESLIE POYNTER,D.A. | 04/06/2000 CAPITAL MURDER | 02/17/2004 | CRIM | | |
| 16601 | THE STATE OF TEXAS / FILING BY INDICTMENT | JEREMY CYRUS BELLAH / BILGER,BARRY E | 02/05/2001 ARSON | 02/07/2001 | CRIM | 26 | 199 |
| 16601 | THE STATE OF TEXAS / MOTION TO REVOKE | JEREMY CYRUS BELLAH / BILGER,BARRY E | 08/03/2001 ARSON | 05/08/2002 | CRIM | 26 | 199 |
| 16601 | THE STATE OF TEXAS / MOTION TO REVOKE | JEREMY CYRUS BELLAH / BILGER,BARRY E | 11/04/2003 ARSON | 01/08/2004 | CRIM | 26 | 199 |
| 16776 | THE STATE OF TEXAS / FILING BY INDICTMENT | COLE, BRIAN JASON / SKELTON, HENRY | 08/02/2001 CAPITAL MURDER | 01/05/2004 | CRIM | | |
| 16777 | THE STATE OF TEXAS / FILING BY INDICTMENT | COLE, BRIAN JASON / SKELTON, HENRY | 08/02/2001 CAPITAL MURDER | 01/05/2004 | CRIM | | |
| 16780 | THE STATE OF TEXAS / FILING BY INDICTMENT | GREENWAY, PATRICK RYAN / HOLMES, CLIFTON L | 08/02/2001 CAPITAL MURDER-CRIMINAL ATTEMPT TO COMMIT | 11/07/2003 | CRIM | | |
| 16781 | THE STATE OF TEXAS / FILING BY INDICTMENT | GREENWAY, PATRICK RYAN / HOLMES, CLIFTON L | 08/02/2001 CAPITAL MURDER-CRIMINAL ATTEMPT TO COMMIT | 11/07/2003 | CRIM | | |
| 16783 | THE STATE OF TEXAS / FILING BY INDICTMENT | WHITE, MARK ASHLEY / WHITE, JEFFERY H | 08/02/2001 CAPITAL MURDER | 11/07/2003 | CRIM | | |
| 16784 | THE STATE OF TEXAS / FILING BY INDICTMENT | WHITE, MARK ASHLEY / ELLIOTT, JOEL C | 08/02/2001 CAPITAL MURDER-CRIMINAL ATTEMPT TO COMMIT | / / | CRIM | | |
| 30313 | THE STATE OF TEXAS / FILING BY INDICTMENT | LAWSON, JOHN STEPHEN / JONES, DENNIS | 12/30/2003 CAPITAL MURDER | / / | CRIM | | |

405

CAUSE NO. 16,349

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| RAUL FRANKLIN AkA Murl Morris | § | VAN ZANDT COUNTY, TEXAS |

JUDGMENT ON PLEA OF GUILTY BEFORE COURT
WAIVER OF JURY TRIAL

S y n o p s i s   O f   T h e   J u d g m e n t

Judge Presiding:                        Date Of Judgment:
TERESA A. DRUM                          December 19, 2003

Attorney For The State:                Attorney For Defendant:
LESLIE POYNTER DIXON                    MIKE HEAD

Charging Instrument: Indictment        Plea:  Guilty

Terms of plea bargain:  Punishment be assessed at forty-four (44)
years in TDCJ-ID; $272.25 court cost

Offense Convicted Of:  Murder
Degree:  First
Date offense committed:  December 30, 1999

Findings On Use Of Deadly Weapon:  NA

Punishment Imposed And Place Of Confinement:
    Term Of Confinement:  Forty-four (44) years
    Fine: $-0-
    Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
        DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:    December 19, 2003
Date Of Sentence:    December 19, 2003
Credit Time:   3-29-2000 - 12-18-03
Costs:   $272.25
Fee:     $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:   $-0-

Concurrent Unless          Restitution to be Paid to:
Otherwise Specified

I certify this to be a true and exact copy of the original on file in the District Clerk's Office, Van Zandt County, Texas.
By _____ DEPUTY

406

Text Of The Judgment

This case was called for trial on December 19, 2003.   The parties appeared and announced ready for trial.   The following attorneys appeared:   for the State, LESLIE POYNTER DIXON; for the defendant, MIKE HEAD.   The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury.   The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of Guilty to the offense alleged.   The Court inquired as to the existence of any plea bargaining agreement.   The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure.   The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Murder, a felony of the First DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Forty-four (44) years and by a FINE of $-0-.

The Court finds beyond a reasonable doubt that the offense was committed on December 30, 1999.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon:   NA.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of Murder, a felony of the First  DEGREE; that the Defendant make restitution

to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Forty-four (44) years and by a FINE of $-0-, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, RAUL FRANKLIN is guilty of the offense of Murder and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Forty-four (44) years and by a fine of $-0-, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await histransfer to the penitentiary.

The defendant is given credit for 3-29-2000 - 12-18-03 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on December 19, 2003.

Signed and entered on this date: _____

_____
TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the
finger of the Defendant

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | 294TH JUDICIAL DISTRICT |
| MARK ANTHONY WILSON | * | VAN ZANDT COUNTY, TEXAS |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas, by and through her duly qualified Criminal District Attorney or Assistant Criminal District Attorney in and for Van Zandt County, Texas, and respectfully requests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with the offense of CAPITAL MURDER

for the following reason:

CASE DISMISSED - REFILED AS CR04-00053

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted,

*Leslie Poyter Dixon*

ATTORNEY FOR THE STATE
Criminal District Attorney's Office
Van Zandt County, Texas
202 N. Capitol
Canton, Texas 75103
903-567-4104
telefax 903-567-6258
State Bar No. 08327050

## ORDER

The foregoing State's Motion to Dismiss having been presented to the Court, on the _17_ day of _Feb_, 20_04_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED AND DECREED that said above entitled and numbered cause be and the same is hereby dismissed.



I certify this to be a true and exact copy of the original on file in the District Clerk's Office, Van Zandt County, Texas.
By _____ DEPUTY

DRUM, TERESA A.

4.0.9

CAUSE NO. CR04-00053

FILED FOR RECORD
AT_____ O'CLOCK _____ M
FEB 1 : 2004
KAREN WILSON CLERK
VAN ZANDT COUNTY, TEXAS
BY_____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| MARK ANTHONY WILSON | § | VAN ZANDT COUNTY, TEXAS |

JUDGMENT ON PLEA OF GUILTY BEFORE COURT
WAIVER OF JURY TRIAL

Synopsis Of The Judgment

| | |
|---|---|
| Judge Presiding: | Date Of Judgment: |
| TERESA A. DRUM | February 12, 2004 |

| | |
|---|---|
| Attorney For The State: | Attorney For Defendant: |
| LESLIE POYNTER DIXON | RICHARD KENNEDY |

Charging Instrument: Information     Plea:  Guilty

Terms of plea bargain: Punishment be assessed at twenty (20) years
TDCJ-ID; $272.25 court cost

Offense Convicted Of:  Manslaughter
Degree:  Second
Date offense committed:  December 30, 1999

Findings On Use Of Deadly Weapon:    NA

Punishment Imposed And Place Of Confinement:
    Term Of Confinement:  Twenty (20) years
    Fine: $-0-
    Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
        DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:   February 12, 2004
Date Of Sentence:   February 12, 2004
Credit Time:  /-13- 2000 - 2-11-2004
Costs:   $272.25
Fee:    $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:   $-0-

Concurrent Unless          Restitution to be Paid to:
Otherwise Specified

I certify this to be a true and
exact copy of the original on file
in the District Clerk's Office,
Van Zandt County, Texas.
By_____
DEPUTY

410

### Text Of The Judgment

This case was called for trial on February 12, 2004. The parties appeared and announced ready for trial. The following attorneys appeared: for the State, LESLIE POYNTER DIXON; for the defendant, RICHARD KENNEDY. The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the Information and entered a plea of Guilty to the offense alleged. The Court inquired as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Manslaughter, a felony of the Second DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twenty (20) years and by a FINE of $-0-.

The Court finds beyond a reasonable doubt that the offense was committed on December 30, 1999.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon:  NA.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of

**411**

Manslaughter, a felony of the Second DEGREE; that the Defendant make restitution to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twenty (20) years and by a FINE of $-0-, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, MARK ANTHONY WILSON is guilty of the offense of Manslaughter and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Twenty (20) years and by a fine of $-0-, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await his transfer to the penitentiary.

The defendant is given credit for 1-13-2000 - 2-11-2004 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on February 12, 2004.

Signed and entered on this date: _____

TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the
finger of the Defendant

412

CAUSE NO. 16,777

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| BRIAN JASON COLE | § | VAN ZANDT COUNTY, TEXAS |

JUDGMENT ON PLEA OF GUILTY BEFORE COURT
WAIVER OF JURY TRIAL

S y n o p s i s   O f   T h e   J u d g m e n t

Judge Presiding:                          Date Of Judgment:
TERESA A. DRUM                          January 5, 2004

Attorney For The State:                  Attorney For Defendant:
LESLIE POYNTER DIXON                    JOHN YOUNGBLOOD

Charging Instrument: Indictment      Plea:  Guilty

Terms of plea bargain:  Punishment be assessed at eight (8) years
at TDCJ-ID; $272.25 court cost

Offense Convicted Of:  Aggravated Assault
Degree:   Second
Date offense committed:  July 14, 2001

Findings On Use Of Deadly Weapon:  True, A Firearm

Punishment Imposed And Place Of Confinement:
    Term Of Confinement:  Eight (8) years
    Fine: $-0-
    Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
        DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:   January 5, 2004
Date Of Sentence:   January 5, 2004
Credit Time:  7-14-01 - 1-4-04
Costs:   $272.25
Fee:    $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:   $-0-

Concurrent Unless          Restitution to be Paid to:
Otherwise Specified

I certify this to be a true and
exact copy of the original on file
in the District Clerk's Office,
Van Zandt County, Texas.
By_____
              DEPUTY

413

This case was called for trial on January 5, 2004.  The parties appeared and announced ready for trial.  The following attorneys appeared:  for the State, LESLIE POYNTER DIXON; for the defendant, JOHN YOUNGBLOOD.  The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury.  The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of Guilty to the offense alleged.  The Court inquired as to the existence of any plea bargaining agreement.  The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure.  The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Aggravated Assault, a felony of the Second DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Eight (8) years and by a FINE of $-0-.

The Court finds beyond a reasonable doubt that the offense was committed on July 14, 2001.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon:  True, A Firearm.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of

Aggravated Assault, a felony of the Second   DEGREE; that the Defendant make restitution to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Eight (8) years and by a FINE of $-0-, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, BRIAN JASON COLE is guilty of the offense of Aggravated Assault and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Eight (8) years and by a fine of $-0-, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await histransfer to the penitentiary.

The defendant is given credit for 7-14-01 - 1-4-04 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on January 5, 2004.

Signed and entered on this date: _____1-5-04_____

_____
TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the finger of the Defendant

415

CAUSE NO. 16,776

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| BRIAN JASON COLE | § | VAN ZANDT COUNTY, TEXAS |

JUDGMENT ON PLEA OF GUILTY BEFORE COURT
WAIVER OF JURY TRIAL

S y n o p s i s   O f   T h e   J u d g m e n t

| | |
|---|---|
| Judge Presiding:<br>TERESA A. DRUM | Date Of Judgment:<br>January 5, 2004 |
| Attorney For The State:<br>LESLIE POYNTER DIXON | Attorney For Defendant:<br>JOHN YOUNGBLOOD |

Charging Instrument: Indictment     Plea:  Guilty

Terms of plea bargain:  Punishment be assessed at twelve (12) years
at TDCJ-ID; $272.25 court cost

Offense Convicted Of:  Manslaughter
Degree:  Second
Date offense committed:  July 14, 2001

Findings On Use Of Deadly Weapon:  True, A Firearm

Punishment Imposed And Place Of Confinement:
      Term Of Confinement:  Twelve (12) years
      Fine:  $-0-
      Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
          DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:    January 5, 2004
Date Of Sentence:    January 5, 2004
Credit Time:   7-14-01 - 1-4-04
Costs:   $272.25
Fee:     $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:   $-0-

Concurrent Unless          Restitution to be Paid to:
Otherwise Specified



I certify this to be a true and
exact copy of the original on file
in the District Clerk's Office,
Van Zandt County, Texas.
DEPUTY

416

### Text Of The Judgment

This case was called for trial on January 5, 2004. The parties appeared and announced ready for trial. The following attorneys appeared: for the State, LESLIE POYNTER DIXON; for the defendant, JOHN YOUNGBLOOD. The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of Guilty to the offense alleged. The Court inquired as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Manslaughter, a felony of the Second DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twelve (12) years and by a FINE of $-0-.

The Court finds beyond a reasonable doubt that the offense was committed on July 14, 2001.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon: True, A Firearm.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of 417

Manslaughter, a felony of the Second DEGREE; that the Defendant make restitution to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twelve (12) years and by a FINE of $-0-, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, BRIAN JASON COLE is guilty of the offense of Manslaughter and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Twelve (12) years and by a fine of $-0-, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await histransfer to the penitentiary.

The defendant is given credit for 7-14-01 - 1-4-04 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on January 5, 2004.

Signed and entered on this date: _1- -5--04_

TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the
finger of the Defendant

CAUSE NO. 16,780

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| PATRICK RYAN GREENWAY | § | VAN ZANDT COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY BEFORE COURT
### WAIVER OF JURY TRIAL

## Synopsis Of The Judgment

Judge Presiding:
TERESA A. DRUM

Date Of Judgment:
November 7, 2003

Attorney For The State:
LESLIE POYNTER DIXON

Attorney For Defendant:
Clifton "Scrappy" Holmes

Charging Instrument: Indictment     Plea:  Guilty

Terms of plea bargain:  Punishment be assessed at forty (40) years
TDCJ-ID; $10,000 fine; $272.25 court cost

Offense Convicted Of:  Murder
Degree:  First
Date offense committed:  July 14, 2001

Findings On Use Of Deadly Weapon:  Firearm

Punishment Imposed And Place Of Confinement:
     Term Of Confinement:  Forty (40) years
     Fine: $10,000
     Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
          DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:  November 7, 2003
Date Of Sentence:  November 7, 2003
Credit Time:  7-14-01 - 11-6-03
Costs:  $272.25
Fee:   $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:  $-0-

Concurrent Unless           Restitution to be Paid to:
Otherwise Specified



I certify this to be a true and
exact copy of the original on file
in the District Clerk's Office,
Van Zandt County, Texas.
By _____
        DEPUTY

419

Text Of The Judgment

This case was called for trial on November 7, 2003. The parties appeared and announced ready for trial. The following attorneys appeared: for the State, LESLIE POYNTER DIXON; for the defendant, Clifton "Scrappy" Holmes. The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of Guilty to the offense alleged. The Court inquired as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Murder, a felony of the First DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Forty (40) years and by a FINE of $10,000.

The Court finds beyond a reasonable doubt that the offense was committed on July 14, 2001.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon: Firearm.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of Murder, a felony of the First DEGREE; that the Defendant make restitution

420

to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Forty (40) years and by a FINE of $10,000, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, PATRICK RYAN GREENWAY is guilty of the offense of Murder and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Forty (40) years and by a fine of $10,000, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await his transfer to the penitentiary.

The defendant is given credit for 7-14-01 - 11-6-03 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on November 7, 2003.

Signed and entered on this date: _____

TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the
_____
finger of the Defendant

421

CAUSE NO. 16,781

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 294TH JUDICIAL DISTRICT |
| PATRICK RYAN GREENWAY | § | VAN ZANDT COUNTY, TEXAS |

**JUDGMENT ON PLEA OF GUILTY BEFORE COURT
WAIVER OF JURY TRIAL**

## Synopsis Of The Judgment

| Judge Presiding: | Date Of Judgment: |
|---|---|
| TERESA A. DRUM | November 7, 2003 |

| Attorney For The State: | Attorney For Defendant: |
|---|---|
| LESLIE POYNTER DIXON | Clifton "Scrappy" Holmes |

Charging Instrument: Indictment    Plea: Guilty

Terms of plea bargain: Punishment be assessed at twenty (20) years
TDCJ-ID; $10,000 fine; $272.25 court cost

Offense Convicted Of: Murder
Degree: Second
Date offense committed: July 14, 2001

Findings On Use Of Deadly Weapon: Firearm

Punishment Imposed And Place Of Confinement:
    Term Of Confinement: Twenty (20) years
    Fine: $10,000
    Place of confinement: INSTITUTIONAL DIVISION OF THE TEXAS
        DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:  November 7, 2003
Date Of Sentence:  November 7, 2003
Credit Time:  7-14-01 - 11-6-03
Costs:  $272.25
Fee:  $50.00 Van Zandt County Crime Stopper's Fee

Total Amount Of Restitution:  $-0-

Concurrent Unless        Restitution to be Paid to:
Otherwise Specified

I certify this to be a true and
exact copy of the original on file
in the District Clerk's Office,
Van Zandt County, Texas.
By _____
DEPUTY

422

Text Of The Judgment

This case was called for trial on November 7, 2003. The parties appeared and announced ready for trial. The following attorneys appeared: for the State, LESLIE POYNTER DIXON; for the defendant, Clifton "Scrappy" Holmes. The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of Guilty to the offense alleged. The Court inquired as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of Guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of Murder, a felony of the Second DEGREE, and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twenty (20) years and by a FINE of $10,000.

The Court finds beyond a reasonable doubt that the offense was committed on July 14, 2001.

The Court further finds beyond a reasonable doubt that the Defendant as a result of his criminal conduct caused the victim in this case monetary damages in the amount of $-0-.

The Court makes the following findings concerning use of a deadly weapon: Firearm.

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of Murder, a felony of the Second DEGREE; that the Defendant make restitution

423

to the victim in this case in the amount of $-0-; that Defendant be punished by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of Twenty (20) years and by a FINE of $10,000, and that the State of Texas have and recover of the Defendant all costs for this prosecution in the amount of $272.25 and the fine for which let execution issue.

Before pronouncing sentence, the defendant was asked if there was any reason why sentence should not be pronounced. The defendant gave no reason to prevent sentencing. In open court, in the presence of defendant and defendant's counsel, the court pronounced sentence as follows:

It being the judgment of this court that the defendant, PATRICK RYAN GREENWAY is guilty of the offense of Murder and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of Twenty (20) years and by a fine of $10,000, it is the order of this Court that the punishment be carried into execution in the manner prescribed by law. The Sheriff of Van Zandt County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of Texas shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendant's property. Defendant is remanded to jail to await histransfer to the penitentiary.

The defendant is given credit for 7-14-01 - 11-6-03 on his sentence for time spent in jail in this case between the date of his arrest and the date of sentencing.

Sentence was pronounced on November 7, 2003.

Signed and entered on this date: _____

TERESA A. DRUM
JUDGE PRESIDING

Fingerprint taken from the
_____
finger of the Defendant

424

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 5041 AIRPORT FREEWAY
### FORT WORTH, TEXAS  76117

**(817)831-8383**                    **FAX (817)831-8306**

September 8, 2004

Jenica Turner
Wood County District Clerk
PO Box 1707
Quitman, Texas  75783

Dear Ms. Turner,

Several months ago, I requested that you provide the number of capital murder cases filed in your county in the last five years.  You graciously provided that information on a form that I sent you, which indicated the number of cases filed by year.  I have enclosed a copy of the form that you filled out and sent back to me.

What I would like to know at this point is what, if anything, has happened in each of those cases.   I do not know the names of the persons who were charged because I did not ask for that information previously.

Please consider this an open records request for a certified copy of the judgment and sentence in each of those cases represented in our last correspondence, which are the capital murder cases filed in your office from 1999-2003, inclusive.  If there is any charge, please contact me at the number above, and I will send the fee.  If a case is still pending and thus has no judgment, I would appreciate it if you would write me a letter stating that fact.  If the case has been dismissed, please send a certified copy of the dismissal.

Finally, I would appreciate it if you could provide me these documents on or before September 25, 2004, as I have a deadline.

If you have any questions, feel free to call.

Sincerely,


William H. Ray
Attorney at Law

NO. 0885306D

| THE STATE OF TEXAS | )( | IN THE 213TH |
| | )( | |
| VS. | )( | DISTRICT COURT OF |
| | )( | |
| BILLY JACK CRUTSINGER | )( | TARRANT COUNTY, TEXAS |

### BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared __NOVIS WISDOM__

who, being by me duly sworn, deposed as follows:

"My name is __NOVIS WISDOM__, I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of the District Clerk's Office of __WOOD__ County,

Texas. Attached hereto are __1__ pages of information obtained from records from the District

Clerk's Office of __WOOD__ County, Texas. This information is kept by the District Clerk's

Office of __WOOD__ County, Texas in the regular course of business, and it was the regular

course of business of the District Clerk's Office of __WOOD__ County, Texas for an

employee or representative of the District Clerk's Office of __WOOD__ County, Texas, with

knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

transmit the information thereof to be included in such record; and the record was made at or

near the time or reasonably soon thereafter. The information contained in the attached page is

obtained from the records in the District Clerk's Office and represents the exact number of

capital murder cases filed for the years indicated in this county."

_Novis Wisdom_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the __5__ day of __August__ 2003.

_Bonita Joy Parker_   NOTARY PUBLIC, STATE OF TEXAS

BONITA JOY PARKER
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 04-08-2007

427

NAME OF COUNTY   _WOOD_

CAPITAL MURDER CASES FILED IN THIS COUNTY BY YEAR
INDICATED BELOW:

| Fiscal Year | Number of Indictments filed for Capital Murder |
|---|---|
| 2003 | |
| 2002 | / |
| 2001 | |
| 2000 | |
| 1999 | |

4 2 8

No. 17,065-2002 (SINGLE COUNT) TRN 902_41036 A003

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 402ND JUDICIAL |
| v. | § | DISTRICT COURT OF |
| CHARLES ALAN HAMMER, | § | WOOD COUNTY, TEXAS |
| DEFENDANT | | |

SID: TX 05537054

# JUDGMENT OF CONVICTION BY COURT; SENTENCE TO Institutional Division, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | AUGUST 9, 2003 |
| JUDGE PRESIDING: | G. TIMOTHY BOSWELL |
| ATTORNEY FOR THE STATE: | HENRY WHITLEY |
| ATTORNEY FOR THE DEFENDANT: | WM. BRANDON BAADE |
| OFFENSE: | CAPITAL MURDER |
| STATUTE FOR OFFENSE: | Article 19.03, Section (a)(2) AND (b), Penal Code |
| DEGREE OF OFFENSE: | Capital Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Life in prison |
| DATE OF OFFENSE: | JANUARY 25, 2002 |
| CHARGING INSTRUMENT: | Indictment |
| TERMS OF PLEA AGREEMENT (IN DETAIL): | LIFE IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |
| PLEA TO OFFENSE: | Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | Not Applicable |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | Not Applicable |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | Yes-deadly weapon used or exhibited |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | Not Applicable |
| DATE SENTENCE IMPOSED: | AUGUST 9, 2003 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | LIFE in the Institutional Division-TDCJ, and a $NONE fine |
| TIME CREDITED TO SENTENCE: | 2-1-02 through 8-9-03 (547 days) |
| COURT COSTS: | $ 223.00 |
| TOTAL AMOUNT OF RESTITUTION: | $ |
| NAME AND ADDRESS FOR RESTITUTION: | |

The Sex Offender Registration Requirements under Chapter 62, CCP, do not apply to the Defendant. The age of the victim at the time of the offense was not applicable.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced

ready for trial, and the Dere ...t, Defendant's attorney, and the St  s attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of Guilty to the offense of **CAPITALMURDER, as alleged in the charging instrument.** Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by an persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A presentence investigation report **was not required or done.** The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ,** there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Pursuant to article 42.12, Section 3g, Code of Criminal Procedure & HB156 (77R) the court affirmatively finds that the Defendant used or exhibited a deadly weapon, namely, a knife, that in the manner of its use and intended use is capable of causing death and serious bodily injury, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited.

430

Signed on the 9th day of August, 2003

Judge Presiding

Person taking thumbprint:

Defendant's right thumbprint



STATE OF TEXAS }
COUNTY OF WOOD }
    I, Jenica Turner, District Clerk of Wood
County, Texas, do hereby certify that the foregoing is
a true and correct copy of the original record, now in
my lawful custody and possession, on file in my office
this ___13___ day of __September__, 20 __04__.
Jenica Turner, District Clerk
Wood County, Texas

By _____ Deputy

431

DS2: Judgment of Conviction by Court; Direct Sentence, Cause No. 17,065-2002; Page 3 of 3 Pages

SO #: 13067

Date Compiled 08-11-2003

FILED
2003 AUG 11 AM 8:53
ROVIE WISDOM CLERK
DISTRICT COURT
WOOD COUNTY, TEXAS

CAUSE #: 17,065-2002

THE STATE OF TEXAS                    X          IN THE 402nd JUDICIAL

        V.S.                          X          DISTRICT COURT OF

Hammer, Charles Alan                  X          WOOD COUNTY, TEXAS

I do hereby agree that the following is an accurate summary of jail time for which I am to be credited in the above styled and numbered cause:

Charge: Capital Murder

Hold Placed Los Cruces, NM        02-01-02 thru 02-09-02 =   9 Days

                                  02-09-02 thru 08-09-03 = 547 Days
                                  _____
                                  Total Days Credit       = 556 Days

_____          _____
Custodian of Records                     Defendant
Wood County Sheriff's Office

_____          _____
Criminal District Attorney               Attorney for Defendant

432

No. 17,065-   (SINGLE COUNT) TRN 902   1036 A003

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 402ND JUDICIAL |
| v. | § | DISTRICT COURT OF |
| CHARLES ALAN HAMMER, | § | WOOD COUNTY, TEXAS |
| DEFENDANT | | |

SID: TX 05537054

## JUDGMENT OF CONVICTION BY COURT;
## SENTENCE TO Institutional Division, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | **AUGUST 9, 2003** |
| JUDGE PRESIDING: | **G. TIMOTHY BOSWELL** |
| ATTORNEY FOR THE STATE: | **HENRY WHITLEY** |
| ATTORNEY FOR THE DEFENDANT: | **WM. BRANDON BAADE** |
| OFFENSE: | **CAPITAL MURDER** |
| STATUTE FOR OFFENSE: | **Article 19.03, Section (a)(2) AND (b), Penal Code** |
| DEGREE OF OFFENSE: | **Capital Felony** |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | **Life in prison** |
| DATE OF OFFENSE: | **JANUARY 25, 2002** |
| CHARGING INSTRUMENT: | **Indictment** |
| TERMS OF PLEA AGREEMENT (IN DETAIL): | **LIFE IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE** |
| PLEA TO OFFENSE: | **Guilty** |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | **Not Applicable** |
| VERDICT FOR OFFENSE: | **Guilty** |
| FINDING ON ENHANCEMENT: | **Not Applicable** |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | **Yes-deadly weapon used or exhibited** |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | **Not Applicable** |
| DATE SENTENCE IMPOSED: | **AUGUST 9, 2003** |
| PUNISHMENT AND PLACE OF CONFINEMENT: | **LIFE in the Institutional Division-TDCJ, and a $NONE fine** |
| TIME CREDITED TO SENTENCE: | **2-1-02 through 8-9-03 (547 days)** |
| COURT COSTS: | **$ 223.00** |
| TOTAL AMOUNT OF RESTITUTION: | **$** |
| NAME AND ADDRESS FOR RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply to** the Defendant. The age of the victim at the time of the offense was **not applicable**.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced

433

DS2: Judgment of Conviction by Court; Direct Sentence, Cause No. 17,065-2002; Page 1 of 3 Pages

ready for trial, and the De_____, Defendant's attorney, and the S_____s attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of **Guilty** to the offense of **CAPITALMURDER, as alleged in the charging instrument**. Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by an persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A presentence investigation report **was not required or done**. The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ**, there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

**Furthermore, the following special findings or orders apply:**

Pursuant to article 42.12, Section 3g, Code of Criminal Procedure & HB156 (77R) the court affirmatively finds that the Defendant used or exhibited a deadly weapon, namely, a knife, that in the manner of its use and intended use is capable of causing death and serious bodily injury, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited.

434

Signed on the 9th day of August, 2003

Judge Presiding

STATE OF TEXAS }
COUNTY OF WOOD }

    I, Jenica Turner, District Clerk of Wood County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, on file in my office this ___ day of _____, 20___.

Jenica Turner, District Clerk
Wood County, Texas

By _____ Deputy

Person taking thumbprint:



Defendant's right thumbprint

4 3 5