IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BILLY JACK CRUTSINGER, § | |
| § | |
| PETITIONER, § | |
| v. § | |
| § | No. 4:07-CV-00703-Y |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | (death-penalty case) |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| RESPONDENT. § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING 60(b) MOTION**

Before the Court is Billy Jack Crutsinger's Opposed Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), filed on May 9, 2018. ("Motion," Dkt. No. 90). Crutsinger moves to reopen the Court's judgment in a proceeding under 28 U.S.C. § 2254 in order to revisit the Court's denial of funding for an investigator under 18 U.S.C. § 3599(f). Because the Motion is in actuality a second-or-successive petition for habeas relief, the Court **TRANSFERS** the Motion to the United States Court of Appeals for the Fifth Circuit.

**Applicable Law**

Federal Rule of Civil Procedure 60(b)(6) allows a district court to grant relief from a final judgment, order, or proceeding for any reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(6). The purpose of Rule 60(b) is to "balance the principle of finality of a judgment with the interest of the court in seeing

that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F. 3d 632, 638 (5th Cir. 2005). To succeed under Rule 60(b)(6), the movant must show extraordinary circumstances exist that justify the reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

District courts have jurisdiction to consider Rule 60(b) motions in 28 U.S.C. § 2254 habeas corpus proceedings so long as the motion attacks not the substance of the court's resolution of the claim on the merits, but some defect in the integrity of the habeas proceedings. *See Gonzalez*, 545 U.S. at 532. Examples of Rule 60(b) motions that properly raise a defect in the integrity of the habeas proceedings include a claim of fraud on the court or challenges to a procedural ruling that precluded a merits determination, such as failure to exhaust, procedural default, or time bar. *Gonzalez*, 545 U.S. at 532 nn. 4, 5.

The law limits the defendant to one § 2254 petition unless he obtains certification for a successive petition from the Court of Appeals. *See* 28 U.S.C. § 2244(b); *Gonzalez*, 545 U.S. at 529-30. Because of the comparative lenience of Rule 60(b), petitioners "sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (citing *Gonzalez*, 545 U.S. at 531–32). A Rule 60(b) motion that (1) presents a new habeas

claim, (2) attacks the federal court's previous resolution of a claim on the merits, or (3) presents new evidence or new law in support of a claim already litigated, should be treated as a second-or-successive habeas petition. *See Gonzalez*, 545 U.S. at 531-32. The rationale is that such motions could circumvent the strict successive-petition requirements in § 2244(b). *See id.*

**Factual Background**

A Texas jury convicted Billy Jack Crutsinger of capital murder and sentenced him to death sentence for the 2003 stabbing deaths of Pearl Magouirk, 89, and her daughter Patricia Syren, 71, in their home. The conviction and sentence were affirmed on appeal. *Crutsinger v. State*, 206 S.W.3d 607 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1098 (2006). Crutsinger's state application for habeas corpus relief was denied as well. *Ex parte Crutsinger*, No. WR-63,481, 2007 WL 3277524 (Tex. Crim. App. Nov. 7, 2007).

In 2008, he filed an application of habeas corpus relief under 28 U.S.C. § 2254. Prior to filing the application, Crutsinger requested the authorization of $7,500 to investigate an unexhausted claim of ineffective trial counsel. *See* 18 U.S.C. § 3599(f); Application for Authorization for Funding and Appointment of Investigator (Dkt. No. 13). Crutsinger had sought and was granted leave to file the request *ex parte* and under seal. *See* Dkt. No. 8. Respondent opposed the *ex parte* nature of the proceedings as well as the authorization of funds. *See* Dkt. No. 11. This Court has

since granted Crutsinger's motions to unseal the request and the order denying authorization in order to facilitate his pursuit of relief under Rule 60(b). See Dkt. Nos. 13, 14, 89, 97.

This Court denied authorization without prejudice for two reasons. First, the Court held that Crutsinger did not provide information necessary to show that the unexhausted claim was not procedurally barred. Second, Crutsinger did not provide information to overcome the restriction on factual development in 28 U.S.C. § 2254(e)(2), which, with two exceptions, prohibits evidentiary development where the applicant has failed to develop the factual basis of the claim in state court. *See* Order Denying Application for Funding and Appointment of Investigator (Dkt. No. 14).

Crutsinger moved for reconsideration, again *ex parte* and under seal, in an attempt to address the Court's concerns. *See* Motion for Reconsideration and Amplification of Application For Authorization for Funding and Appointment of Investigator (Dkt. No. 17). The Court denied the motion to reconsider because Crutsinger did not make allegations sufficient under then-current case law that would allow the Court to consider the merits of the unexhausted claim for which the funding was sought. The Court noted that there was an abundance of case law, beginning with *Coleman v. Thompson*, 501 U.S. 722 (1991), establishing that the ineffectiveness of state habeas counsel cannot justify a failure to exhaust or excuse

4

procedural default. *See* Unsealed Order Denying Second Ex Parte Application for Funding and Appointment of Investigator (Dkt. No. 18).

Three months later, Crutsinger moved for the appointment of a mental health expert, again under seal and *ex parte*. *See* Motion to Permit Ex Parte Consideration of, and Seal, Authorization for Funding & Appointment of Mental Health Expert (Dkt. No. 19).[1] Respondent again opposed the *ex parte* nature of the request and opposed funding (Dkt. No. 23). Because the request was supported by a selective disclosure of information from the trial record, this Court allowed Crutsinger additional time to provide supplemental information helpful to the proper consideration of his request. *See* Sealed Order Granting Additional Time to Supplement Ex Parte Application for Appointment of Mental Health Expert (Dkt. No. 21). Crutsinger supplemented his funding application, but the Court ultimately denied the request because the unredacted information he provided did not support the argument that further testing was needed. *See* Sealed Supplement to Mr. Crutsinger's Application for Authorization for Funding and Appointment of Mental Health Expert (Dkt. No. 24); Sealed Order Denying Ex Parte Application for Appointment of Mental Health Expert (Dkt. No. 25).

---

[1]Although documents related to the request for a mental health expert were flied under seal, the Court's discussion herein does not disclose any privileged information.

Crutsinger filed his Petition several weeks later. Dkt. No. 31. The Court addressed Crutsinger's claim that trial counsel was ineffective for initiating the social-history investigation too late, which prevented counsel from using evidence obtained by the mitigation specialist of Crutsinger's alcohol addiction, head trauma, depression, and low intelligence ("claim 2"). Crutsinger specifically alleged that trial counsel should have used such evidence to challenge the voluntariness of his confession, to present a settled insanity defense, and to mitigate evidence of his antisocial personality disorder. Because Respondent did not assert any procedural bar to the claim, and because the record was sufficient to address this claim on the merits, the Court reviewed the claim *de novo* and denied relief. The Court also denied a free-standing claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993), as non-cognizable and because the claim was based on a legal theory of insanity, rather than factual innocence. *Crutsinger v. Thaler*, No. 4:07-CV-703-Y, 2012 WL 369927 (N.D. Tex. Feb. 6, 2012).

The following month, the Supreme Court issued *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that a petitioner may overcome the procedural default of a "substantial" claim of ineffective trial counsel by showing that state habeas counsel was ineffective in failing to raise the claim. Crutsinger moved to vacate this Court's judgment under Federal Rule of Civil Procedure 59(e). *See*

Motion to Alter Judgment Pursuant to FRCP 59(e) (Dkt. No. 52). Crutsinger reasserted his request for investigative and expert funds to factually develop *Strickland* prejudice under *Martinez*. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Crutsinger argued that the Court was required to grant funding once it had come to light that the Respondent did not assert any procedural bar. The Court denied this request, however, because it had already concluded that the claim of ineffective trial counsel raised by Crutsinger had no merit and was, therefore, not "substantial" as required by *Martinez*.

Crutsinger argued, however, that the Court had misinterpreted his failure-to-investigate claim as a much weaker claim of failure to present information within trial counsel's possession. After carefully rereading Crutsinger's Petition, the Court rejected this argument, concluding that the Petition had primarily challenged the compressed timing of trial counsel's mitigation investigation, not his failure to investigate. The Court concluded that it had addressed, to the extent they were briefed, all the arguments raised in the Petition, and denied the motion for Rule 59(e) relief. *See* Order Denying Motion to Alter or Amend the Judgment (Dkt. No. 56). Crutsinger now attributes his decision to brief claim 2 in the way he did to the lack of investigative funds. *See* Motion, pp. 14-15.

7

The Court of Appeals affirmed the denial of funding because *Martinez* did not mandate pre-petition funding and did not alter the rule that a prisoner cannot show a substantial need for funds when the claim is procedurally barred. *See Crutsinger v. Stephens*, 576 Fed. App'x 422, 431 (5th Cir. Aug. 4, 2014) (op. on reh'g). The Supreme Court then denied Crustinger's petition for a writ of certiorari presenting the question of whether the Court of Appeals had erred in denying funding. *Crutsinger v. Stephens*, 135 S. Ct. 1401 (2015).

Three years later, the Supreme Court held that, when funding stands a credible chance of enabling a federal habeas petitioner to overcome the obstacle of procedural default, it may be error for a district court to refuse funding. *Ayestas v. Davis*, 138 S. Ct. 1080 (2018). In overruling the Fifth Circuit's rule to the contrary, the Supreme Court specifically cited the Court of Appeals opinion in this case. *Id.* at 1093.

In his present Motion before this Court, Crutsinger seeks to reopen the habeas corpus proceeding on the ground that the failure to provide funding was a defect in the integrity of the proceeding. Crustinger contends that *Ayestas* provides extraordinary circumstances that justify reopening the proceedings, granting funding, and allowing him to present factual allegations in support of "a Sixth Amendment failure-to-investigate claim." Motion, pp. 22-23.

**The Motion is a Successive Writ**

As noted, 28 U.S.C. § 2244(b) bars this Court from asserting jurisdiction over any second or successive petition unless and until the Court of Appeals grants permission to file one. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The Court of Appeals in *Key* held that when "a statute removes jurisdiction over a particular type of case from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction." *Id.* As Crutsinger points out in his Motion, the services provided to indigent habeas petitioners under 18 U.S.C. § 3599 include counsel *and* funding. Motion, p. 21. The rationale in *Key* therefore applies here: if this Court is without jurisdiction to appoint counsel under these circumstances, then it is without jurisdiction to grant funding. *But see In re Hearn*, 376 F.3d 447, 450 n.2 (5th Circ. 2004) (refusing to apply *Key* in death penalty case for petitioner seeking to raise *Atkins* bar).

Crutsinger concedes his intent to present new factual allegations in support of a new "Sixth Amendment failure-to-investigate" claim. Crutsinger nevertheless argues that his motion is proper under *Gonzalez* because he is challenging only a procedural defect in the integrity of the proceeding that precluded the "true merits" from being presented or adjudicated. Motion, p. 20. There was no

9

"procedural defect" in the habeas corpus proceeding, however. At the time, the Court's rulings were correct under the then-current case law. *See Ayestas*, 138 S.Ct. at 1093 (holding that the Fifth Circuit rule denying funding for procedurally barred claims is too restrictive *after* 2013, when the Supreme Court issued *Trevino v. Thaler*, 569 U.S. 413 (2013)). Further, this Court's rulings did not prevent a merits review. The Court addressed his Petition on the merits, Crutsinger's post-judgment attempts to recast the claim as something else notwithstanding.

Finally, any request for the authorization of funds would be inextricably tied to the new Sixth Amendment claim Crutsinger intends to file. *See Ayestas*, 138 S. Ct. at 1094 (holding that a natural consideration informing the exercise of discretion to grant funds is the "likelihood that the contemplated services will help the applicant win relief.") The Court's reopening of this case to reconsider funding in connection with the Sixth Amendment claim would therefore circumvent the strict successive-petition requirements. *See Gonzalez*, 545 U.S. at 531-32.

## Transfer

The Motion is in substance a second or successive petition under § 2244. Before this Court may accept a second or successive petition for filing, it must be certified by the Court of Appeals to contain either newly discovered evidence showing a high proba-

bility of actual innocence or a new and retroactive rule of constitutional law. *See* § 2244(b)(2); *Gonzalez*, 545 U.S. at 529-30.

This Court may dismiss the motion for lack of jurisdiction or transfer it to the Court of Appeals for a determination under § 2244. *See* 28 U.S.C. § 1631; *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (citing *Key*, 205 F.3d at 774). The Court finds that it is in the interest of efficient justice to transfer the Motion to the Court of Appeals rather than to dismiss.

### Certificate of Appealability

The Court denies a certificate of appealability because a certificate of appealability is not required. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (holding that COA is not required for transfer of second § 2255 motion); *e.g., In re Burton*, 631 F. App'x 236 (5th Cir. Jan. 21, 2016) (citing *Fulton* and interpreting request for COA as a notice of appeal in transfer of second § 2254 habeas application).

\* \* \* \* \*

The Clerk of Court is directed to **TRANSFER** Crutsinger's Motion to the United States Court of Appeals for the Fifth Circuit.

SIGNED on this the 7th day of August, 2018.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE