IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

BILLY JACK CRUTSINGER

    Petitioner,

v.                                                     Action No. 4:07-CV-00703-Y

LORIE DAVIS, Director
Texas Department of Criminal Justice,
    Correctional Institutions Division

    Respondent.

## MOTION TO STAY EXECUTION PENDING PROVISION OF REPRESENTATION TO INVESTIGATE AND PREPARE AN INITIAL HABEAS CORPUS APPLICATION

Mr. Crutsinger requests that the Court stay his pending execution, currently scheduled for September 4, 2019, pending provision of his statutorily guaranteed right to high-quality representation to investigate and prepare an initial federal habeas corpus application and pending an orderly adjudication thereof. Although the statute of limitations required Mr. Crutsinger to file a habeas corpus application, he did so without the provision of high-quality representation guaranteed to him by 18 U.S.C. § 3599. Specifically, he was appointed counsel without the means to conduct reasonably necessary investigation into all the grounds that render his custody in

1

violation of federal law. *See* 28 U.S.C. § 2241(c)(3); *McKleskey v. Zant*, 499 U.S. 467, 498 (1991) (a habeas petitioner "must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition"). A stay of execution is appropriately entered here for several reasons.

First, *Lonchar v. Thomas*, 517 U.S. 314 (1996), requires that Mr. Crutsinger not be executed until the merits of his initial habeas corpus application have been meaningfully adjudicated. *Id.* at 320. Although Mr. Crutsinger filed a habeas application that was adjudicated, the application and adjudication occurred in a context – the absence of representation informed by investigation – that rendered it not meaningful. *See id.* at 324 ("Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."). "There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for writs of habeas corpus, for it is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law." *Harris v. Nelson*, 394 U.S. 286, 292 (1969). Because Mr. Crutsinger's federal habeas review has not yet been meaningful, *Lonchar* requires granting a stay of

execution.

Second, *Barefoot v. Estelle*, 463 U. S. 880 (1983), entitles Mr. Crutsinger to meaningful appellate review for any issue for which either a COA has been granted or for which he has as of right. *Id.* at 893-94. Just as *Lonchar* precludes execution in the absence of meaningful habeas review in this case, *Barefoot* likewise precludes it, because *Barefoot* necessarily cannot be met until Lonchar standard has been met.

Third, Mr. Crutsinger may not be executed until he has been afforded the representation in federal collateral proceedings that he is due under 18 U.S.C. § 3599. *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (person sentenced to death may not be executed before provision of meaningful representation required by statute). *See also Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) (staying execution because deprivation of representation to death-sentenced individual had "stunted the evidence developed thus far as to the merit of his underlying [] claim").

Mr. Crutsinger has argued that he has to date been deprived of representation in the form of investigative and other services to assist his appointed counsel in the investigation and development of facts necessary to adequately identify and plead habeas corpus claims that Mr. Crutsinger is confined in violation of federal law. Appointed counsel has a duty to conduct this investigation. *McCleskey*, 499 U.S. at 498. Absent appropriate post-conviction investigation, Mr. Crutsinger remains

3

exposed to the substantial risk that meritorious habeas corpus claims will never be heard. *McFarland*, 512 U.S. at 856.

## CONCLUSION

For the foregoing reasons, the Court should stay Mr. Crutsinger's execution.

.

Respectfully submitted,

/s Lydia M.V. Brandt

_____
Lydia M.V. Brandt
Texas Bar No. 00795262
lydiabrandt566@gmail.com
THE BRANDT LAW FIRM
P.O. Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Attorney for Appellant

## CERTIFICATE OF CONFERENCE

I, Lydia M.V. Brandt, hereby certify that on July 19, 2019, I emailed counsel for respondent. At the time of the filing of this motion by undersigned counsel, counsel for Appellee had not responded, so she was listed as opposed to

this motion.

/s  Lydia M.V. Brandt

_____
Lydia M.V. Brandt, Esq.

### CERTIFICATE OF SERVICE

This certifies that on July 19, 2019, I electronically filed the foregoing document with the Clerk of Court using the electronic case filing system of the Court.  The electronic case filing system sent a notice of electronic filing to the attorney of record for the Appellee,  Gwendolyn Vindell, Assistant Attorney General, who has consented in writing to accept this notice as service of this document by electronic means.

/s  Lydia M.V. Brandt

_____
Lydia M.V. Brandt, Esq.
Texas Bar No.  00795262
lydiabrandt566@gmail.com
THE BRANDT LAW FIRM
P.O.Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Attorney for Appellant

5