IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

BILLY JACK CRUTSINGER

    Petitioner,

v.                                                Action No. 4:07-CV-00703-Y

LORIE DAVIS, Director
Texas Department of Criminal Justice,
    Correctional Institutions Division

    Respondent.

**REPLY TO RESPONDENT'S RESPONSE TO
MOTION TO STAY EXECUTION PENDING PROVISION OF
REPRESENTATION TO INVESTIGATE AND PREPARE AN INITIAL
HABEAS CORPUS APPLICATION**

Mr. Crutsinger files this reply to the Director's Response to his Motion to Stay Execution [Doc ## 112, 118]. The Director makes several arguments, all of which are without merit.

First, the Director argues that this court lacks jurisdiction to grant a stay because she characterizes the 60(b) Motion remanded back to this district court as a successive petition and asserts Fifth Circuit authorization is required. *See* Response at 6 ("there is no federal habeas petition currently pending... it lacks jurisdiction subject matter" and citing 28 U.S.C. § 2244(b)(3)(a) "Before a second or successive

1

application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for [authorization"). The argument is frivolous. In its published opinion, the Fifth made clear that this district court had subject matter jurisdiction and the 60(b) motion was not a successive petition. It held:

> Crutsinger's motion for funding is analogous. It does not present a revisitation of the merits of the IATC claim. It is confined to the federal district court's denial of funding in the first federal habeas proceeding. It is not a successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(1). The district court therefore had jurisdiction to consider the Rule 60(b)(6) motion.

*Crutsinger v. Davis*, 2019 WL 2864445, at *4 (5th Cir. 2019).

The Director's second and alternative argument is equally without merit. The Director contends that "Crutsinger's 60(b) motion entirely lacks merit." She argues that "over the last decade, three federal courts – totaling thirteen federal judges between them – have considered and reconsidered" the IATC claim and attendant funding. Response at 9-10. Mr. Crutsinger's claim does have merit.

Mr. Crutsinger filed a habeas corpus application because the statute of limitations required him to, and he did so without the provision of high-quality representation guaranteed to him by 18 U.S.C. § 3599. Specifically, he was appointed counsel without the means to conduct reasonably necessary investigation into all the grounds that render his custody in violation of federal law. *See* 28 U.S.C. §

2241(c)(3); *McKleskey v. Zant*, 499 U.S. 467, 498 (1991) (a habeas petitioner "must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition").

Disagreeing with Judges Owen and Smith's misinterpretation of *Gonzales* and its reliance on *Artuz*, Judge Graves pointedly stated that "Crutsinger had not abandoned anything and had been diligently trying to get someone to review the denial of funding." *Crutsinger v. Davis*, 2019 WL 2864445, at *8 (5th Cir. 2019).

The essence of the rulings "over the last decade, [by] three federal courts – totaling thirteen federal judges between them," have all been incorrect rulings demanding that Crutsinger "prove that he will be able to win relief if given the services he seeks" – a requirement in direct conflict with *Ayestas v. Davis*, 138 S.Ct. 1080, 1094 (2018) ("a funding applicant must *not* be expected to *prove* that he will be able to win relief if given the services he seeks.").

Third, the Director makes an unsubstantiated distinction that *McFarland* is limited to "*initial* habeas petitions." (Emphasis in original). Response at 11. And that *Batagglia* stands for the proposition that a stay is warranted when a defendant "lacked counsel to prepare his claim of competency." Response at 12. *McFarland* and *Battaglia* are not so narrow. They stand for the proposition that a stay is warranted when a death sentenced prisoner is denied the right to meaningful

3

representation. Such denial of the right to meaningful representation, can take several forms, which includes the denial of funding in Mr. Crutsinger's case and the concomitant provision of high-quality representation guaranteed to him by 18 U.S.C. § 3599. *Lonchar v. Thomas*, 517 U.S. 314 (1996), requires that Mr. Crutsinger ***not*** be executed until the merits of his initial habeas corpus application have been meaningfully adjudicated. *McFarland v. Scott*, 512 U.S. 849, 858 (1994) made clear that a person sentenced to death may not be executed before provision of meaningful representation required by statute).

Finally, the Director asserts that 2254(e) is a procedural bar. Response at 12-13, and n. 7. The Director is mistaken. Title 28 U.S.C. § 2254(d) is not applicable to the IATC claim at all.

Mr. Crutsinger's state habeas application, which purported to raise a claim of ineffective assistance of counsel contains no case-specific factual allegations. It thus did not even meet pleading requirements in Texas to be considered. *See Ex parte Medina*, 361 S.W.3d 633, 640 (2011) (application must contain specific factual allegations to be cognizable); *Ex parte Dutchover*, 779 S.W.2d 76, 78 (Tex. Crim. App. 1989) ("In a collateral attack, [] where the burden is upon the applicant to establish the illegality of his restraint, we deem it appropriate to require an applicant to plead and prove facts showing the error did in fact contribute to his conviction or

4

punishment."). Far from demonstrating an adjudication of the merits of any claim occurred, the Director has merely highlighted state habeas counsel's egregiously deficient performance.

To whatever extent the Court wishes to consider this a "claim" that was raised and adjudicated in state court, it clearly is not the same claim as Mr. Crutsinger would present to this Court following the provision of reasonably necessary investigative services. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (claim raised in a federal habeas application is not the same claim as presented to the state court if it has been "fundamentally altered" by the supplementation of factual allegations or evidence). *See also Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008) (applying *Hillery* to conclude that claim was fundamentally altered in federal court by supplementation). As Mr. Crutsinger's state habeas application did not make any specific allegations, it would be virtually impossible for Mr. Crutsinger not to fundamentally alter that "claim." Even his thumbnail sketch of a Strickland claim that he pleaded without investigative resources fundamentally altered the state court "claim."

In conclusion, Mr. Crutsinger requests that the Court stay his pending execution, currently scheduled for September 4, 2019, pending provision of his statutorily guaranteed right to high-quality representation to investigate and prepare

an initial federal habeas corpus application and pending an orderly adjudication thereof. Mr. Crutsinger remains exposed to the substantial risk that meritorious habeas corpus claims will never be heard. *McFarland*, 512 U.S. at 856.

## CONCLUSION

For the foregoing reasons, the Court should stay Mr. Crutsinger's execution.

Respectfully submitted,

/s  Lydia M.V. Brandt

_____

Lydia M.V. Brandt
Texas Bar No.  00795262
lydiabrandt566@gmail.com
THE BRANDT LAW FIRM
P.O. Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Attorney for Appellant

## CERTIFICATE OF SERVICE

This certifies that on July 30, 2019, I electronically filed the foregoing document with the Clerk of Court using the electronic case filing system of the Court. The electronic case filing system sent a notice of electronic filing to the attorney of record for the Appellee, Gwendolyn Vindell, Assistant Attorney General, who has

consented in writing to accept this notice as service of this document by electronic means.

/s  Lydia M.V. Brandt

_____
Lydia M.V. Brandt, Esq.
Texas Bar No.  00795262
lydiabrandt566@gmail.com
THE BRANDT LAW FIRM
P.O.Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Attorney for Appellant